1  CATHERINE CORTEZ MASTO
   Attorney General
2  ANN M. McDERMOTT
   Chief Deputy Attorney General
3  Nevada Bar No. 8180
   JANET E. TRAUT
4  Superv. Sr. Deputy Attorney General
   Nevada Bar No. 8695
5  Bureau of Litigation
   Personnel Division
6  5420 Kietzke Lane, Suite 202
   Reno, Nevada  89511
7  Tele: (775) 850-4107
   Fax: (775) 688-1822
8  *Attorneys for Defendant*

9              UNITED STATES DISTRICT COURT

10                 DISTRICT OF NEVADA

11 DONALD WALDEN JR., NATHAN          )
   ECHEVERRIA, AARON DICUS, BRENT     )    Case No. 3:14-cv-
12 EVERIST, TRAVIS ZUFELT, TIMOTHY    )
   RIDENOUR, and DANIEL TRACY on      )
13 behalf of themselves and all other similarly )    **NOTICE OF REMOVAL**
   situated,                          )
14                                    )
                                      )
15              Plaintiffs,           )
                                      )
16      vs.                           )
                                      )
17 STATE OF NEVADA, NEVADA            )
   DEPARTMENT OF CORRECTIONS, and     )
18 DOES 1-50,                         )
                                      )
19              Defendants.           )
   _____)

20 TO:   THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF NEVADA

21        Defendant, STATE OF NEVADA, NEVADA DEPARTMENT OF CORRECTIONS, by

22 and through its attorneys, CATHERINE CORTEZ MASTO, Attorney General of the State of

23 Nevada, ANN M. MCDERMOTT, Chief Deputy Attorney General, and JANET E. TRAUT,

24 Supervising Senior Deputy Attorney General, hereby notice removal of this action to the

25 United States District Court, and, in support thereof, state:

26        1.    Defendant State of Nevada, Nevada Department of Corrections is named in an

27 action which commenced in the First Judicial District Court of the State of Nevada in and for

28 Carson City assigned Case No. 14-OC-00089-1B and now pending in that State District Court.

                                      1

Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV 89511

1    2.    Service of a Summons and a copy of the Complaint were made upon Defendant

2  State of Nevada, Nevada Department of Corrections through Director Cox on May 19, 2014.

3  Service of a Summons and a copy of the Complaint were made upon Attorney General

4  Catherine Cortez Masto on May 16, 2014.

5    3.    The Complaint alleges violations of the Plaintiffs' rights pursuant to 29 U.S.C. §

6  201, *et seq.* and 29 U.S.C. § 207, as well as additional State torts.

7    4.    This Court has original jurisdiction over the subject matter of this action under

8  the provisions of 28 U.S.C. § 1331 arising under 29 U.S.C. § 201, *et. seq.* and 29 U.S.C. §

9  207.   Actions over which the Federal Court has original jurisdiction may be removed from

10  State courts to the District Court in the place where the action is pending, pursuant to 28

11  U.S.C. § 1441.

12    This action is pending in the First Judicial District Court of the State of Nevada in

13  Carson City, and is appropriately removed to the United States District Court, District of

14  Nevada under 28 U.S.C. §§ 1331 and 1441.   Defendants are entitled to remove this action to

15  this Court.

16    5.    The Federal District Court has supplemental jurisdiction over claims concerning

17  the same case or controversy as the federal question.   28 U.S.C. § 1367(a).

18    6.    The Civil Cover Sheet is attached and marked as Exhibit C.

19    7.    Copies of the Complaint and Summons from the State District Court file are

20  attached and marked respectively as Exhibits A and B, constituting all of the papers and

21  pleadings served on Defendant Nevada Department of Corrections.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV 89511

1    Based on the foregoing, Defendant removes the above action now pending in the First

2  Judicial District Court of the State of Nevada in and for Carson City as Case No. 14-OC-

3  00089-1B to this Court.

4                                    CATHERINE CORTEZ MASTO
                                     Attorney General
5

6

7                         By: _____
                              ANN M. McDERMOTT
8                             Chief Deputy Attorney General
                              JANET E. TRAUT
9                             Superv. Sr. Deputy Attorney General
                              Bureau of Litigation
10                            Personnel Division
                              *Attorneys for Defendant*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Office of the Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV 89511

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this __17^{th}__ day of June, 2014, I served a copy of the foregoing NOTICE OF REMOVAL, by providing a true and correct copy via U.S. Mail first class postage fully paid to the following:

Mark R. Thierman, Esq.
Thierman Law Firm, P.C.
7287 Lakeside Drive
Reno, Nevada 89511

Joshua D. Buck, Esq.
Thierman Law Firm, P.C.
7287 Lakeside Drive
Reno, Nevada 89511

Leah L. Jones, Esq.
Thierman Law Firm, P.C.
7287 Lakeside Drive
Reno, Nevada 89511

An Employee of the Office of the Attorney General

## INDEX OF EXHIBITS TO NOTICE OF REMOVAL

| Exhibit A | Collective and Class Action Complaint | Pages 1-15 |
|-----------|----------------------------------------|------------|
| Exhibit B | Summons | Pages 16-17 |
| Exhibit C | Civil Cover Sheet | Page 18 |

**Office of the Attorney General**
5420 Kietzke Lane, Suite 202
Reno, NV 89511

# EXHIBIT A

# EXHIBIT A

COMPLAINT
Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanlaw.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanlaw.com
Leah L. Jones, Nev. Bar. No. 13161
leah@thiermanlaw.com
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax (775) 703-5027

*Attorneys for Plaintiffs*

REC'D & FILED

2014 MAY 12  PM 2: 39

ALAN GLOVER

BY_C. GRIBBLE_CLERK
        DEPUTY

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR CARSON CITY

| | |
|---|---|
| DONALD WALDEN JR, NATHAN ECHEVERRIA, AARON DICUS, BRENT EVERIST, TRAVIS ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY on behalf of themselves and all others similarly situated, | Case No.: |
| | Dept. No.: |
| | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Plaintiffs, | **(EXEMPT FROM ARBITRATION PURSUANT TO NAR 5)** |
| v. | 1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, et. seq; |
| THE STATE OF NEVADA, NEVADA DEPARTMENT OF CORRECTIONS, and DOES 1-50, | 2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207; |
| Defendants. | 3) Failure to Pay Minimum Wages in Violation of the Nevada Constitution; and |
| | 4) Breach of Contract. |

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 1 -
COLLECTIVE AND CLASS ACTION COMPLAINT

000001

1   COME NOW Plaintiffs DONALD WALDEN JR, NATHAN ECHEVERRIA, AARON

2   DICUS, BRENT EVERIST, TRAVIS ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY

3   ("Plaintiffs") on behalf of themselves and all others similarly situated and allege the following:

4        All allegations in this Complaint are based upon information and belief except for those

5   allegations that pertain to the Plaintiffs named herein and their counsel.  Each allegation in this

6   Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable

7   opportunity for further investigation and discovery.

8                          JURISDICTION AND VENUE

9        1.      This Court has original jurisdiction over both state and federal claims alleged

10  herein.  This Court has original jurisdiction over the state law claims alleged herein because the

11  amount in controversy exceeds $10,000 and a party seeking to recover unpaid minimum wages

12  has a private right of action pursuant to the Nevada Constitution Article 15 Section 16.

13       2.      This Court also has jurisdiction over the federal claims alleged herein pursuant to

14  Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) which states in relevant part "An action

15  to recover [such liability] may be maintained against any employer (*including a public agency*)

16  in any Federal *or State court* of competent jurisdiction...." (emphasis supplied).

17       3.      Venue is proper in this Court pursuant to NRS 41.013(2).

18       4.      The State of Nevada has waived its sovereign immunity from suit for the claims

19  alleged herein.  *See* NRS 41.031.

20                                PARTIES

21       5.      Plaintiff DONALD WALDEN JR is a natural person who is and was a resident of

22  the State of Nevada at all relevant times herein and was employed by Defendant as a non-exempt

23  hourly correctional officer at the Southern Desert Correctional Center from on or about February

24  24, 2003 to on or about February 2013 when he retired.

25       6.      Plaintiff NATHAN ECHEVERRIA is a natural person who is and was a resident

26  of the State of Nevada at all relevant times herein and has been employed by Defendant as a non-

27  exempt hourly correctional officer at the Southern Desert Correctional Center from on or about

28  May 1, 2006 to the present.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 2 -
COLLECTIVE AND CLASS ACTION COMPLAINT

000002

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

7.   Plaintiff AARON DICUS is a natural person who is and was a resident of the State of Nevada at all relevant times herein and has been employed by Defendant as a non-exempt hourly correctional officer at the Southern Desert Correctional Center from on or about July 2007 to the present.

8.   Plaintiff BRENT EVERIST is a natural person who is and was a resident of the State of Nevada at all relevant times herein and has been employed by Defendant as a non-exempt hourly correctional officer at the High Desert State Prison from on or about May 1, 2006 to the present.

9.   Plaintiff TRAVIS ZUFELT is a natural person who is and was a resident of the State of Nevada at all relevant times herein and has been employed by Defendant as a non-exempt hourly correctional officer at the Northern Nevada Correctional Center from on or about August 2009 to the present.

10.   Plaintiff TIMOTHY RIDENOUR is a natural person who is and was a resident of the State of Nevada at all relevant times herein and has been employed by Defendant as a non-exempt hourly correctional officer at the Southern Desert Correctional Center from on or about March 2007 to the present.

11.   Plaintiff DANIEL TRACY is a natural person who is and was a resident of the State of Nevada at all relevant times herein and has been employed by Defendant as a non-exempt hourly correctional officer from on or about October 2000 to the present and has worked at High Desert State Prison, Women's Correctional Center, and Southern Desert Correctional Center during his employment.

12.   Defendants STATE OF NEVADA and NEVADA DEPARTMENT OF CORRECTIONS (hereinafter collectively "Defendants" or "NDOC") are public agencies subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* and is an employer entity under the Nevada Constitution, Nev. Const. Art. 15 § 16 (defining "employer" as any "entity that may employ individuals").

13.   The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiffs. Plaintiffs are informed and

- 3 -
COLLECTIVE AND CLASS ACTION COMPLAINT

1  believe that each of Defendants sued herein as DOE is responsible in some manner for the acts,

2  omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or

3  "NDOC" herein shall mean "Defendants and each of them."

4  ## FACTUAL ALLEGATIONS

5  14.     Plaintiffs have been employed as correctional officers at various correctional

6  facilities throughout the state of Nevada.

7  15.     Despite having been employed at different facilities, Plaintiffs experiences with

8  regard to the claims alleged herein are similar, common, and typical of all other correctional

9  officers employed by Defendants throughout the State during the relevant time period alleged

10 herein (i.e., the "putative class").   Namely, Plaintiffs are or were non-exempt hourly paid

11 employees of Defendants.  By law, express, and implied agreement, Defendants are required to

12 pay Plaintiffs and putative class members for all hours worked either at their regular hourly rate

13 or minimum wage rate, whichever is higher, or at the overtime rate of time and one-half times

14 their regular hourly rate for all hours worked over 40 hours in a week or over 80 hours in a 14-

15 day work period.[1]  However, Defendants have required Plaintiffs and the putative class to perform

16 work activities before and after their regularly scheduled shifts for which they have not been

17 compensated.  Indeed, as set forth below, Plaintiffs and the putative class have been required to

18 work an estimated extra hour per shift "off-the-clock"—i.e., without compensation.

19 16.     Defendants only compensated Plaintiffs and the putative class for the time spent

20 working during their regularly scheduled shift times.   Notwithstanding that their compensation

21 was only for their scheduled shift times, Defendant required Plaintiffs and putative class members

22 to perform numerous work related activities prior to arriving at their work station and after leaving

23 their work station without any compensation at all.   By paying Plaintiffs and putative class

24 members zero dollars ($0.00) for work performed pre and post shift, Defendants violated

25 numerous wage and hour laws, such as failing to pay Plaintiffs and putative class members their

26 minimum wages, regular rate wages, and overtime wages, as applicable.

27

28

---

[1] Defendants agreed to pay Plaintiffs and putative class members who agree to a 14-day work
period that they would be paid overtime after working 80 hours during the 14-day work period.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 4 -
COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

17.     Upon arriving to the correctional facility and passing through security (which Plaintiffs do not alleged to be compensable time), Plaintiffs and putative class members were required to report to the supervisor or sergeant on duty for roll-call/check-in, receive their assignments for the day, pass a uniform inspection, and collect any and all tools that would be needed for their daily assignment (e.g., radios, keys, weapons, tear gas, hand cuffs). Indeed, this pre-shift requirement is specifically set forth in the NDOC's Administrative Regulations: "All correctional staff will report to the shift supervisor/shift sergeant upon arrival to ensure their status if required to work mandatory overtime." *See* http://www.doc.nv.gov/sites/doc/files/pdf/AR326. pdf (last visited Feb. 25, 2014). Plaintiffs and putative class members would then proceed to their designated work station, which, given the size of the correctional facilities involved, could take up to 15-minutes or more per employee per shift. Once they arrived at their designated work station, Plaintiffs and putative class members would be briefed by the outgoing correctional officer. Plaintiffs and putative class members were not compensated for any of this these pre-shift activities. On average, Plaintiffs estimate that they, and every member of putative class, performed upwards to 30-minutes of compensable work before their regularly scheduled shifts for which they were not paid.

18.     Similar to their pre-shift activities, Plaintiffs and putative class members were also required to perform work activities without compensation after the end of their regularly scheduled shift. Plaintiffs and putative class members were required to stay past their scheduled shift to conduct the mandatory de-briefing with the oncoming correctional officer and then they would have to return to the main office to return the various tools they attained for the day. Only upon returning the tools, were they finally permitted to process through security (which Plaintiffs do not alleged to be compensable time) and leave the facility. On average, Plaintiffs estimate that they, and every member of putative class, performed upwards to 30-minutes of compensable work after their regularly scheduled shifts for which they were not paid.

19.     Upon Plaintiffs' own observations, beliefs, and understanding of the NDOC's Administrative Regulations, all correctional officers in the state of Nevada were required to perform the same work activities off-the-clock for $0.00 compensation.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

20.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

21.     Plaintiffs bring this action on behalf of themselves and all other similarly situated and typical employees as both a collective action under the FLSA and a true class action under Nevada law.

22.     The statute of limitations under the FLSA is 3 years for willful violations.

23.     The statute of limitations for violation of a constitutional duty under Nevada law is 6 years.

24.     The statute of limitations for breach of a contract under Nevada law is 6 years.

25.     The FLSA and Nevada Classes are defined as follows: **All persons who were employed by Defendants as correctional officers at any time during the applicable statute of limitations time period.**

26.     With regard to the conditional certification mechanism under the FLSA, Plaintiffs are similarly situated to those that they seek to represent for the following reasons, among others:

A.     Defendants employed Plaintiffs as an hourly employees who did not receive pay for all hours that Defendant suffered or permitted them to work, and did not receive overtime premium pay of one and one half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and/or in excess of the hours set forth in 29 U.S.C. § 207(k).

B.     Plaintiffs' situation is similar to those they seek to represent because Defendants failed to pay Plaintiffs and all other Class Members for all time they were required to work, including time spent performing off-the-clock activities, pursuant to a uniform policy, plan and/or practice embodied, in part, in the applicable administrative regulations themselves.

C.     Common questions of fact and/or law exists whether the time spent by Plaintiffs and all other Class Members engaging in off-the-clock activities is compensable under federal law and whether Defendants failed to pay Plaintiffs and Class Members one

THEIRMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 6 -
COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

1  and one half times their regular rate for all hours worked in excess of 40 hours a week

2  and/or in excess of the hours set forth in 29 U.S.C. § 207(k)..

3        D.     Upon information and belief, Defendants employ, and have employed, in

4  excess of 1,000 Class Members within the applicable statute of limitations.

5        E.     Plaintiffs have filed or will file their consents to sue with the Court.

6        F.     Defendants have known or should have known its policies alleged herein

7  were unlawful and that they owe employees this money, and have willfully failed to pay

8  their employees properly.

9        G.     Defendants' actions or omissions giving rise to this complaint were not in

10  good faith and/or were not based upon an informed, reasonable belief that Defendants'

11  behavior was lawful.

12      27.     Pursuant to the recent decision of the Ninth Circuit Court of Appeals in *Busk v.*

13  *Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013), both

14  opt-in collective or representative treatment of claims under the federal FLSA and NRCP Rule

15  23, class treatment of pendant state law claims may be maintained in the same action. Therefore,

16  NRCP Rule 23(b)(3) Class treatment for all non-FLSA claims alleged in this complaint is

17  appropriate in this case for the following reasons:

18        A.     <u>The Class is Sufficiently Numerous</u>: Upon information and belief,

19  Defendants employ, and have employed, in excess of 1,000 Class Members within the

20  applicable statute of limitations.

21        B.     <u>Plaintiffs' Claims are Typical to Those of Fellow Class Members</u>: Each

22  Class Member is and was subject to the same practices, plans, or policies as Plaintiffs—

23  Defendants required Class Members to perform off-the-clock activities without

24  compensation and agreed to pay Class Members overtime for all hours worked over 40

25  hours in a workweek and over 80 hours in a 14-day work period.

26        C.     <u>Common Questions of Law and Fact Exist</u>: Common questions of law and

27  fact exist and predominate as to Plaintiffs and the Class, including, without limitation:

28  Whether the time spent by Plaintiffs and Class Members engaging in off-the-clock

- 7 -
COLLECTIVE AND CLASS ACTION COMPLAINT

activities is compensable under Nevada law and Whether Defendants breached their contract with Plaintiffs and Class Members for failing to pay overtime pursuant to the parties' contract.

D.    <u>Plaintiffs are an Adequate Representative of the Class</u>: Plaintiffs will fairly and adequately represent the interests of the Class because Plaintiffs are members of the Class, they have issues of law and fact in common with all members of the Class, and they do not have interests that are antagonistic to Class members.

E.    <u>A Class Action is Superior</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

<u>FIRST CAUSE OF ACTION</u>

Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, <em>et seq.</em>

(On Behalf of Plaintiffs and the FLSA Class Against All Defendants)

28.    Plaintiffs reallege and incorporate by reference all the paragraphs above in this Complaint as though fully set forth herein.

29.    29 U.S.C. § 203(e)(1)(C) defines employee, for purposes of the FLSA, to include any individual employed by a State, political subdivision of a State, or an interstate governmental agency.

30.    With certain exceptions not relevant here, the minimum wage provisions of Section 6 and the overtime provisions of Section 7 of the Fair Labor Standards are and were applicable to employees of governmental agencies including but not limited to correctional

- 8 -
COLLECTIVE AND CLASS ACTION COMPLAINT

000008

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

officers during the time period alleged herein. 29 U.S.C. § 206(b); PL 99–150 (S 1570), PL 99–150, November 13, 1985, 99 Stat 787; *see, e.g., Adderly v. City of Atlanta, Ga.*, CIV.A. 1:08-CV-2111-, 2009 WL 1456575 (N.D. Ga. May 22, 2009).

31.      Pursuant to the FLSA, 29 U.S.C. § 206, *et seq.*, Plaintiffs and Class Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

32.      29 U.S.C. § 553.221(b) states that "Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as all other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities which are an integral part of the employee's principal activity or which are closely related to the performance of the principal activity, *such as attending roll call*, writing up and completing, tickets or reports, and washing and re-racking fire hoses.  Emphasis added.

33.      Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's applicable rate of pay, whether scheduled or not.

34.      By engaging in the conduct explained above, Defendants paid Plaintiffs and Class Members $0.00 for working off-the-clock.

35.      By failing to compensate Plaintiffs and Class Members for the time spent engaging in the off-the-clock activities identified above, Defendants failed to pay Plaintiffs and the Class Members for all hours worked.

36.      Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices have been unlawful an unfair.  The actions of Defendants were willful and deliberate and without good cause, and the relevant time period until the date of judgment after trial.

37.      Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendants pay Plaintiffs and all other members of the Class their minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 9 -
COLLECTIVE AND CLASS ACTION COMPLAINT

000009

1    period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as

2    provided by law.

## SECOND CAUSE OF ACTION

Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207

(On Behalf of Plaintiffs and the FLSA Class Against All Defendants)

6         38.    Plaintiffs reallege and incorporate by this reference all the paragraphs above in this

7    Complaint as though fully set forth herein.

8         39.    29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in this

9    section, no employer shall employ any of his employees who in any workweek is engaged in

10   commerce or in the production of goods for commerce, or is employed in an enterprise engaged

11   in commerce or in the production of goods for commerce, for a workweek longer than forty hours

12   unless such employee receives compensation for his employment in excess of the hours above

13   specified at a rate not less than one and one-half times the regular rate at which he is employed."

14        40.    29 U.S.C. § 207(k) provides as follows:

No public agency shall be deemed to have violated subsection (a) of
this section with respect to the employment of any employee in fire
protection activities or any employee in law enforcement activities
(including security personnel in correctional institutions) if—

    (1) in a work period of 28 consecutive days the employee
receives for tours of duty which in the aggregate exceed the
lesser of

        (A) 216 hours, or

        (B) the average number of hours (as determined by the
Secretary pursuant to section 6(c)(3) of the Fair Labor
Standards Amendments of 1974) in tours of duty of
employees engaged in such activities in work periods of 28
consecutive days in calendar year 1975; or

    (2) in the case of such an employee to whom a work period of at
least 7 but less than 28 days applies, in his work period the
employee receives for tours of duty which in the aggregate
exceed a number of hours which bears the same ratio to the
number of consecutive days in his work period as 216 hours (or

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

000010

if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days,

compensation at a rate not less than one and one-half times the regular rate at which he is employed.

41.     29 U.S.C. § 553.221(b) states that "Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as all other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities which are an integral part of the employee's principal activity or which are closely related to the performance of the principal activity, *such as attending roll call*, writing up and completing, tickets or reports, and washing and re-racking fire hoses.  Emphasis added.

42.     Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's applicable rate of pay, whether scheduled or not.

43.     By engaging in the conduct explained above, Defendants paid Plaintiffs and Class Members $0 for working off-the-clock.

44.     By failing to compensate Plaintiffs and Class Members either in cash payment or compensating time off at one and one half the hours worked for the time spent engaging in off-the-clock activities identified above, Defendants failed to pay Plaintiffs and Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1) and/or in excess of the hours set forth in 29 U.S.C. § 207(k).

45.     Defendants have not satisfied this obligation to pay for all hours worked in excess of 40 per week and/or in excess of the hours set forth in 29 U.S.C. § 207(k) at one and one half the employees regular rate by the payment of money nor by the grant of compensatory time off as provided in 29 U.S.C. § 207(o).

46.     Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices have been unlawful and unfair. The actions complained of herein were willful and deliberate and without good cause, and the relevant time period until the date of judgment after trial.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 11 -
COLLECTIVE AND CLASS ACTION COMPLAINT

000011

47.     Wherefore, Plaintiffs demand for themselves and for all others similarly situated, that Defendants pay Plaintiffs and all members of the Class one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week and/or in excess of the hours set forth in 29 U.S.C. § 207(k) during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**THIRD CAUSE OF ACTION**

Failure to Pay Minimum Wages in Violation of the Nevada Constitution

(On Behalf of Plaintiff and the Nevada Class Against All Defendant)

48.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

49.     Article 15 Section 16 of the Nevada Constitution sets forth the requirements the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. . . .  An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief.  An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

50.     Article 15 § 16 of the Constitution does not contain any statute of limitations.  There is a written agreement of employment at will, and for an hourly rate of pay.  Therefore the relevant statute of limitations is contained in NRS 11.190(1)(recognizing that an obligation founded upon instrument carries a 6 year statute of limitations).

51.     Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's applicable rate of pay, whether scheduled or not.

52.     By engaging in the conduct explained above, Defendants paid Plaintiffs and Class Members $0 for working off-the-clock.

- 12 -

COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

53.     By failing to compensate Plaintiffs and Class Members for the time spent engaging in "off-the-clock" work activities as described above identified above, Defendants failed to pay Plaintiffs and Class Members the Nevada Constitutional minimum wage for that uncompensated time in violation of the Nevada Constitution.

54.     Wherefore, Plaintiffs demand for themselves and for all Class Members payment by Defendants at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (On Behalf of Plaintiffs and the Nevada Class Against All Defendants)

55.     Plaintiffs reallege and incorporate by this reference all the paragraphs above in this Complaint as though fully set forth herein.

56.     At all times relevant herein, Defendants had an agreement with Plaintiffs and with every Class Member to pay an agreed upon hourly wage rate for all hours they worked for Defendants.  Defendants offered to pay Plaintiffs and Class Members a specific rate of pay per unit of time (hour) in exchange for Plaintiffs and Class Members' promise to perform work for Defendants at that hourly rate for all hours worked.  The parties had an agreement, expressed or implied, to pay this hourly rate of pay for all hours worked.

57.     Defendants also had an agreement with Plaintiffs and with every Class Member to pay overtime for all hours worked over 40 hours in a workweek or, if employee decided to accept the 14-day work period, to pay overtime for all hours worked over 80 hours in a 14-day work period.

58.     The parties' employment agreement necessarily incorporated all applicable provisions of both state and federal law, including especially the labor laws of the State of Nevada.

59.     Defendants beached their agreement with Plaintiffs and Class Members by failing to compensate them for all hours worked, namely the hours spent performing work activities off-the-clock, at the agreed upon rate of pay, including overtime.

- 13 -
COLLECTIVE AND CLASS ACTION COMPLAINT

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

60.     As a result of Defendants' breach, Plaintiffs and Class Members have suffered economic loss that includes lost wages and interest.

61.     Wherefore, Plaintiffs demand for themselves and for Class Members that Defendants pay Plaintiffs and Class Members their agreed upon rate of pay for all hours worked off the clock during the relevant time period alleged herein together with attorney's fees, costs, and interest as provided by law.

## PRAYER FOR RELIEF

Wherefore Plaintiffs, by themselves and on behalf of all Class Members, pray for relief as follows relating to their collective and class action allegations:

1.     For an order conditionally certifying this action under the FLSA and providing notice to all members of the Class so they may participate in this lawsuit;

2.     For an order certifying this action as a traditional class action under Nevada Rule of Civil Procedure Rule 23 for all other claims presented in this complaint;

3.     For an order appointing Plaintiffs as the Representatives of the Class and their counsel as Class Counsel;

4.     For damages according to proof for regular rate pay under federal laws for all hours worked;

5.     For damages according to proof for minimum rate pay under federal law for all hours worked;

6.     For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week and/or in excess of the hours set forth in 29 U.S.C. § 207(k);

7.     For liquidated damages pursuant to 29 U.S.C. § 216(b);

8.     For damages according to proof for minimum wage rate pay under the Nevada Constitution for all hours worked;

9.     For damages pursuant to Defendants' breach of contract;

10.     For interest as provided by law at the maximum legal rate;

11.     For reasonable attorneys' fees authorized by statute;

- 14 -
COLLECTIVE AND CLASS ACTION COMPLAINT

12.  For costs of suit incurred herein;

13.  For pre-judgment and post-judgment interest, as provided by law, and

14.  For such other and further relief as the Court may deem just and proper.

DATED: May 9, 2014

THIERMAN LAW FIRM, P.C.

Mark R. Thierman
Joshua D. Buck
Leah L. Jones
7287 Lakeside Drive
Reno, Nevada  89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

- 15 -
COLLECTIVE AND CLASS ACTION COMPLAINT

000015

# EXHIBIT B

# EXHIBIT B

Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar. No. 13161
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
Attorneys for Plaintiffs

Received

MAY 1 9 2014

Personnel,

# In The First Judicial District Court of the State of Nevada
# In and for Carson City

| | |
|---|---|
| DONALD WALDEN, JR., et al. ) | Case No.: 14OC 00089 1B |
| Plaintiff, ) | Dept. No. __II__ |
| ) | |
| vs. ) | |
| THE STATE OF NEVADA, ) | SUMMONS |
| DEPARTMENT OF CORRECTIONS ) | |
| Defendant. ) | |

THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:

NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU

WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.

READ THE INFORMATION BELOW.

TO THE DEFENDANT: A civil Complaint has been filed by the plaintiff against you.

1. If you wish to defend this lawsuit, you must, within 20 days after this Summons is served on you, exclusive of the day of service, file with this Court a written pleading* in response to this Complaint.
2. Unless you respond, your default will be entered upon application of the plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint**, which could result in the taking of money or property or the relief requested in the Complaint.
3. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.
4. You are required to serve your response upon plaintiff's attorney, whose address is

ALAN GLOVER, Clerk of the Court

By: _____, Deputy Clerk

Date: __May 12__, 20 14.

*There is a fee associated with filing a responsive pleading. Please refer to fee schedule.
**Note – When service by publication, insert a brief statement of the object of the action.  See Rule 4.

Summons/W/08-12-09

000016

Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar. No. 13161
THIERMAN LAW FIRM, P.C.
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
Attorneys for Plaintiffs

# In The First Judicial District Court of the State of Nevada
## In and for Carson City

| | |
|---|---|
| DONALD WALDEN, JR., et al. | Case No.: 14OC 00089 1B |
| Plaintiff, | Dept. No. II |
| vs. | |
| THE STATE OF NEVADA, | SUMMONS |
| DEPARTMENT OF CORRECTIONS | |
| Defendant. | |

**THE STATE OF NEVADA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:**

NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT:  A civil Complaint has been filed by the plaintiff against you.

1. If you wish to defend this lawsuit, you must, within 20 days after this Summons is served on you, exclusive of the day of service, file with this Court a written pleading* in response to this Complaint.
2. Unless you respond, your default will be entered upon application of the plaintiff, and this Court may enter a judgment against you for the relief demanded in the Complaint**, which could result in the taking of money or property or the relief requested in the Complaint.
3. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.
4. You are required to serve your response upon plaintiff's attorney, whose address is

ALAN GLOVER, Clerk of the Court

By: _____, Deputy Clerk

Date: _May 12_____, 20_14_.

*There is a fee associated with filing a responsive pleading. Please refer to fee schedule.
**Note – When service by publication, insert a brief statement of the object of the action.  See Rule 4.

Page 1

# EXHIBIT C

# EXHIBIT C

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Donald Walden Jr., Nathan Echeverria, Aaron Dicus, Brent Everist, Travis Zufeit, Timothy Ridenour, Daniel Tracy

**DEFENDANTS**
State of Nevada, Department of Corrections

(b) County of Residence of First Listed Plaintiff **Clark**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Carson City**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark R. Thierman, Thierman Law Firm, P.C. 7287 Lakeside Dr., Reno, NV 89511, 775-284-1500

Attorneys (If Known)
Ann M. McDermott, Chief AG; Janet E. Traut, SSDAG; 5420 Kietzke Lane, Suite 202, Reno, NV 89511; 775-850-4107

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 201, et seq. and 29 U.S.C. Section 207

Brief description of cause:
Failure to pay wages, overtime, minimum wages, breach of contract

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _unspecified_
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 6-17-14
SIGNATURE OF ATTORNEY OF RECORD _Janet E. Traut_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

000018