UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD WALDEN JR., NATHAN ECHEVERRIA, AARON DICUS, BRENT EVERIST, TRAVIS ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, ex rel. DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | 3:14-CV-0320-LRH-WGC<br><br>ORDER |

Before the court is plaintiffs Donald Walden Jr., Nathan Echeverria, Aaron Dicus, Brent Everist, Travis Zufelt, Timothy Ridenour, and Daniel Tracy's (collectively "plaintiffs") motion for circulation of notice pursuant to 29 U.S.C. § 216(b). Doc. #7.[1] Defendant the State of Nevada, *ex rel.* the Nevada Department of Corrections ("NDOC") filed an opposition (Doc. #28) to which plaintiffs replied (Doc. #36).

**I.    Factual Background**

On May 12, 2014, plaintiffs filed the present collective and class action complaint against defendant NDOC. Doc. #1, Exhibit A. In their complaint, plaintiffs allege various causes of action for unpaid wages on behalf of themselves and all similarly situated individuals under both the Fair Labor Standards Act ("FLSA") and the Nevada Revised Statutes. *Id*.

---
[1] Refers to the Court's docket number.

On August 6, 2014, plaintiffs filed the present motion for circulation of notice directing that other persons similarly situated to plaintiffs be given notice of the pendency of this action and an opportunity to file written consents to join this action as party plaintiffs, as well as for other associated relief including a toll of the statute of limitations. Doc. #7.

## II.     Legal Standard

The Fair Labor Standards Act ("FLSA") provides that a collective action may be maintained where the claimants are "similarly situated." 29 U.S.C. § 216(b); *Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 883, 902 (C.D. Cal. 2009). Claimants must opt-in to the litigation because "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The requirements for class action certification under Federal Rule of Civil Procedure 23(a) do not apply to claims arising under the FLSA. *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977). Instead, the majority of courts in the Ninth Circuit and the District of Nevada have adopted a two-step approach to certification of collective actions pursuant to section 216(b). *See Sarviss*, 663 F. Supp. 2d at 903 (collecting cases); *see also Lewis v. Nevada Property 1, LLC*, No. 2:12-cv-01564-MMD-GWF, 2013 WL 237098, at *7 (D. Nev. Jan. 22, 2013); *Lucas v. Bell Trans*, No. 2:08-cv-01792-RCJ-RJJ, 2010 WL 3895924, at *3-4 (D. Nev. Sept. 30, 2010); *see also* Newberg on Class Actions § 24:3 (4th ed. 2008) ("[m]ost courts have interpreted § 216(b) as requiring an analysis of whether plaintiffs are 'similarly situated' at two stages in the litigation: when notice to prospective class members is initially sought and then following discovery").

At the initial stage of the inquiry, "the court considers whether to certify a collective action and permit notice to be distributed to putative class members." *Sarviss*, 663 F. Supp. 2d at 903 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). A fairly lenient standard applies and "typically results in 'conditional class certification' of a representative class." *Lucas*, 2010 WL 3895924, at *4. Specifically, "[a] named plaintiff seeking to create a

1  § 216(b) opt-in class need only show that his/her position is similar, but not identical, to the
2  positions held by putative class members." *Lewis*, 2013 WL 237098, at *7. In order to demonstrate
3  that the proposed opt-in plaintiffs are similarly situated, a named plaintiff need only make
4  "substantial allegations that the putative class members were subject to a single decision, policy, or
5  plan that violated the law." *Id.* (citing *Mooney v. Aramco Services, Co.*, 54 F.3d 1207, 1214 n. 8
6  (5th Cir. 1995)). In making a determination as to whether certification is appropriate at the initial
7  stage, "[t]he court relies primarily on the pleadings and any affidavits submitted by the parties." *Id.*
8  (quoting *Davis v. Westgate Planet Hollywood Las Vegas*, No. 2:08-cv-00722-RCJ-PAL, 2009 WL
9  102735, at *9 (D. Nev. Jan. 12, 2009)) (internal quotation marks omitted).

10  The second stage of the inquiry takes place at the conclusion of discovery.[2] *Sarviss*, 663 F.
11  Supp. 2d at 903. At that point, courts conduct a more exacting review of whether the putative class
12  members are "similarly situated" for purposes of certification under section 216(b). *Id.*
13  Specifically, "the court makes 'a factual determination regarding the propriety and scope of the
14  class.'" *Davis*, 2009 WL 102735, at *9 (quoting *Leuthold v. Destination America, Inc.*, 224 F.R.D.
15  462, 466 (N.D. Cal. 2004)). In making its factual determination, courts consider "(1) the disparate
16  factual and employment settings of the individual plaintiffs; (2) the various defenses available to
17  the defendants with respect to the individual plaintiffs; and (3) fairness and procedural
18  considerations." *Id.* (quoting *Leuthold*, 224 F.R.D. at 467).

19  **III.   Discussion**

20  At the notice stage, the court's sole concern is whether the named-plaintiffs and the
21  proposed opt-in plaintiffs are "similarly situated." This standard requires nothing more than
22  "substantial allegations that the putative class members were subject to a single decision, policy, or
23  plan that violated the law." *Lewis*, 2013 WL 237098, at *7. The issues generally considered in a
24  Rule 23 class certification motion - numerosity, typicality, commonalty, and representativeness -

---

[2] To trigger this inquiry, the party opposing class certification must move to decertify the class. *Davis*, 2009 WL 102735, at *9.

are not considered on a motion to circulate notice. Rather, the court is merely deciding whether the potential class should be notified of the pending action.

Here, plaintiffs bring their FLSA claims on behalf of "[a]ll persons who were employed by Defendant as correctional officers at any time during the applicable statute of limitations period." Plaintiffs contend that this class represents a group of similarly situated individuals who were victims of the same policy and procedure of requiring employees to perform work without compensation.

The court has reviewed the documents and pleadings on file in this matter and finds that plaintiffs have sufficiently alleged that they are "similarly situated" to the proposed opt-in plaintiffs to grant circulation of notice. Plaintiffs have sufficiently alleged that all proposed class members were subjected to a common plan, policy, or practice requiring NDOC employees to perform various activities "off-the-clock" and without compensation allegedly in violation of the FLSA. Plaintiffs further allege that NDOC enshrined this policy in regulations, operating procedures, and communications applicable to all its hourly paid correctional officer employees. These various uncompensated tasks allegedly included attending roll-call, picking up and dropping off equipment, and providing or receiving work related information and communications prior to each shift, all allegedly in violation of the FLSA. Therefore, the court shall grant plaintiffs' motion for circulation of notice.

**IV.     Form of Notice**

The Court's purpose in overseeing the notification process is to ensure that notice is timely, accurate, and informative. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989). The United States Supreme Court has abstained from reviewing the contents of a proposed notice under the FLSA, noting that such "details" should be left to the broad discretion of the trial court. *Id.* at 170.

A proposed notice is attached to plaintiffs' motion as Exhibit A. *See* Doc. #7, Exhibit A. A proposed consent to join form is also attached to plaintiffs' motion as Exhibit B. *See* Doc. #7,

4

Exhibit B. The proposed notice and consent to join form neutrally describe the lawsuit, plaintiffs' claims, and NDOC's anticipated defenses. The notice also identifies who may participate in this action; states that participation is completely voluntary; and states that if a party decides to participate, he or she will be bound by the decision of the court, whether it is favorable or unfavorable.

Although the proposed notice is based in large part upon other forms approved for use by this court in other cases, NDOC raises several objections to the proposed notice. The court shall address each objection below:

- First, NDOC objects to the proposed identification of the class and argues that it should comport with the Nevada statute that creates the specific employee class. NDOC proposes a class along the lines of "[a]ll persons currently or formerly holding a position in the public service in the class of employees identified at 13.313 Correctional Officers at any time from May 12, 2011 to the present. This does not include persons holding positions as Correctional Sergeants or Correction Lieutenants, or associate wardens, during the applicable time period." The court finds that there is no basis to include NDOC's statutory language or limit the class claims to individuals that are not sergeants or lieutenants. NDOC sergeants and lieutenants are non-exempt hourly employees just like correctional officers and thus, they should be included in the proposed class. Therefore, the court shall overrule this objection.
- Second, NDOC requests a specific date be set under the heading "YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT" rather than the language "in time for it to be filed with the Federal Court." *See* Doc. #7, Exhibit A, p.3:11-12. The court agrees and finds that the notice should be amended to include the date June 30, 2015. The appropriate sentence should be amended to read: "If you do not return the 'Consent to Join' form by June 30, 2015, you may not be able to participate in this lawsuit."

///

- Third, NDOC argues that the information included under the heading "<u>EFFECT OF JOINING THIS LAWSUIT</u>" does not include relevant information related to certain disciplinary issues which NDOC argues should be made transparent to class members before they opt-in. Although NDOC does not propose any specific language, the court finds that such "disciplinary issue" information is relevant to the class and should be included in the proposed notice. Therefore, the court shall sustain this objection. Plaintiffs' proposed notice should be amended to include the necessary and relevant information.

- Fourth, NDOC argues that the second full paragraph under the heading "<u>EFFECT OF JOINING THIS LAWSUIT</u>" should be amended to include the following language: " . . . to the Plaintiffs' counsel. <u>Additionally, any settlement amount that exceeds the State statutory cap currently in effect pursuant to NRS 41.034 must be presented to the Board of Examiners of the State of Nevada for their approval. This is not to say that the cap applies in this action, but that certain settlement amounts which exceed the cap require approval.</u>" The court approves of the proposed language and finds that it provides relevant information to the class. Therefore, the proposed notice should be amended to include this language.

- Fifth, NDOC argues that in the consent to join form, the phrase "and/or any and all its affiliated entities" should be removed from the third line on page two because the statement makes no sense in the context of this action. The court agrees. The relevant sentence should be amended to read: "Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), the undersigned hereby consents in writing to become a party plaintiff against my Employer<u>, or Former Employer</u>."

- Finally, NDOC argues that the notice improperly references a six-year statute of limitations period which is not the appropriate statute of limitations period in this action. The court has reviewed the notice and finds that there is no improper reference

to a six-year statute of limitations period. Therefore, the court shall overrule this objection.

V.      **Tolling of the Statute of Limitations**

Under the FLSA, the statute of limitations on each individual plaintiff's claim continues to run until his or her consent to joinder is filed with the court. 29 U.S.C. § 256. Nevertheless, courts have found that section 256 is a merely a procedural limitation that may be tolled when equity warrants. *See Partlow v. Jewish Orphans' Home of So. Cal., Inc.*, 645 F.2d 757, 761 (9th Cir. 1981), abrogated on other grounds by *Hoffman-La Roche*, 493 U.S. at 167, ("the FLSA does not bar the district court-imposed suspension of the statute of limitations [where] such tolling is supported by substantial policy reasons"). Because the delay on this motion was not caused by the parties, the court finds that equity warrants that the statute of limitations be tolled for the time that has elapsed while the present motion has been pending before the court.[3] *See Lucas*, 2010 WL 3895924, at *5 (granting plaintiffs' request to toll the statute of limitations where delay was not caused by the parties); *see also Lee*, 236 F.R.D. at 200 (tolling the statute of limitations during the pendency of the motion).

IT IS THEREFORE ORDERED that plaintiffs' motion for circulation of notice pursuant to 29 U.S.C. § 216(b) (Doc. #7) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs shall have ten (10) days after entry of this order to submit amended proposed notice and consent to join forms that incorporate the aforementioned changes for signature.

///

---

[3] Plaintiffs request that the statute of limitations also be tolled during the notice period. However, *Lucas* does not lend support for that proposition. Moreover, the case on which *Lucas* relies, *Lee v. ABA Carpet & Home*, explains that tolling is appropriate "[w]here parties are ordered . . . to suspend proceedings" or otherwise "prevented from obtaining legal relief." 236 F.R.D. 193, 199-200 (S.D.N.Y. 2006). Accordingly, the Court finds that such relief is not warranted under the circumstances.

7

1    IT IS FURTHER ORDERED that notice of this lawsuit shall be sent to all current and former non-exempt hourly paid employees, including sergeants and lieutenants, who were employed by NDOC as correctional officers at any time from May 12, 2011, to the present.

IT IS FURTHER ORDERED that, within twenty-one (21) days of the issuance of this order, defendant shall provide plaintiffs' counsel with a list in computer-readable format of: (a) the full name; (b) current home address or last known address; (c) telephone number; and (d) email address of each person who falls within the definition set forth in the above paragraph. Plaintiffs shall treat this information as confidential and shall not disclose it to third parties.

IT IS FURTHER ORDERED that, within twenty-eight (28) days of the issuance of this order, plaintiffs' counsel or a claims administration company that plaintiffs' counsel selects to process the mailing and opt-in forms (hereinafter collectively referred to as "Claims Administrator") shall mail the approve notice, consent to join form, and a postage pre-paid envelope to each person identified on the list disclosed in the above paragraph.

IT IS FURTHER ORDERED that any person who wishes to opt into this lawsuit shall properly complete the consent to join form and return it to plaintiffs' counsel.

IT IS FURTHER ORDERED that, in the event any package is returned undeliverable, the Claims Administrator shall, within fourteen (14) days thereafter, notify the court and take the requisite steps to obtain an alternate address for that addressee and mail the notice package to that alternate address. The Claims Administrator shall keep a record of: (a) the date on which any notice package is returned undeliverable; (b) the date on which the undeliverable notice package is sent to an alternate address; and (c) any updated addresses.

IT IS FURTHER ORDERED that plaintiffs' counsel shall date-stamp and number each properly completed consent to join form and accompanying envelope that is received. Plaintiffs' counsel shall send a copy of the consent to join forms it receives to defendant's counsel on each Friday after the initial mailing.

///

IT IS FURTHER ORDERED that plaintiffs' counsel shall file the list of people who timely return their consent to join forms identified above along with a copy of the timely consent to join forms with the court within thirty (30) days after their receipt, or earlier. Plaintiffs' counsel shall retain a copy of the list and the envelopes in which the consent to join forms were received.

IT IS SO ORDERED.

DATED this 16th day of March, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE