UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD WALDEN JR., NATHAN ECHEVERRIA, AARON DICUS, BRENT EVERIST, TRAVIS ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, NEVADA DEPARTMENT OF CORRECTIONS, and DOES 1-50,<br><br>Defendants. | Case No. 3:14-cv-00320-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This dispute involves claims for payment of wages brought by Nevada Department of Corrections' ("NDOC") corrections officers against NDOC. Before the Court is NDOC's Renewed Motion for Judgment on the Pleadings ("Motion"). (ECF No. 86.) The Court has reviewed Plaintiffs' response (ECF No. 87) and NDOC's reply (ECF No. 93). For the reasons discussed below, the Motion is granted in part.

**II.    RELEVANT BACKGROUND**

The following facts are taken from Plaintiffs' Collective and Class Action Complaint ("Complaint"). Plaintiffs are current and former corrections officers employed with NDOC as non-exempt hourly employees. (ECF No. 1 at 8-10.) NDOC has required corrections officers  like Plaintiffs and others similarly situated to perform  "work activities before and

after their regularly scheduled shifts for which they have not been compensated." (*Id.* at 10.) In particular, Plaintiffs allege they were not paid minimum wage or overtime when accounting for these additional hours worked. (*Id.* at 11.) Plaintiffs assert claims for failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act ("FLSA"), failure to pay minimum wages in violation of Article 14 § 16 of the Nevada Constitution and breach of contract. (*Id.* at 16-20.)

The Complaint was filed in the First Judicial District Court in and for Carson City. (*Id.* at 7.) NDOC removed based on federal question jurisdiction. (*Id.* at 1-2.)

## III. LEGAL STANDARD

A Rule 12(c) motion for judgment on the pleadings utilizes the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted in that it may only be granted when it is clear to the court that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802 (9th Cir. 1988) (citations omitted). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677, (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must accept as true the well-pled facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.
///

2

Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

In addition, the Ninth Circuit Court of Appeals has recently clarified the pleading requirements for FLSA claims post *Twombly* and *Iqbal. See Landers v. Quality Communications, Inc.,* 771 F.3d 638 (9th Cir. 2015). The court stated that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of the forty during that workweek." *Id.* at 646. To establish a plausible claim for relief, a plaintiff may estimate "the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645.

## IV. DISCUSSION

### A. Sufficiency of Factual Allegations Supporting FLSA Claims

NDOC argues that Plaintiffs fail to state their FLSA claims because Plaintiffs have not alleged that they were paid below the minimum wage for each pay period and that they worked more than forty hours in any workweek without compensation. (ECF No. 86 at 6-8.) Plaintiffs counter that they were not compensated for performing the pre-shift and post-shift activities alleged in the Complaint. (ECF No. 87 at 5.) Plaintiffs have missed the point.

The FLSA requires compensation at or above the minimum wage, which is determined based on the hours worked within the workweek as a whole. *Adair v. City of Kirkland,* 185 F.3d 1055, 1063 (9th Cir. 1999). Employers are also required to pay overtime for any hours worked in excess of forty hours in a workweek.[1] 29 U.S.C. § 207(a).

---

[1] Plaintiffs appear to acknowledge that the exception established in 29 U.S.C. § 207(k) may apply. (ECF No. 1 at 18 (Plaintiffs seek overtime compensation for "all hours worked in excess of forty (40) hours [in] a workweek and/or in excess of the hours set forth in 29 U.S.C. § 207(k) during the relevant time period . . .").)

Plaintiffs allege they were required to work but were not compensated for working approximately "upwards to 30-minutes of compensable work" before, and after, "their regularly scheduled shifts." (ECF No. 1 at 11.) They allege entitlement "to compensation at their regular rate of pay or minimum wage, whichever is higher, for all hours actually worked." (*Id.* at 15.) They also seek overtime compensation for hours worked in excess of 40 hours in a workweek "and/or in excess of the hours set forth in 29 U.S.C. § 207(k)." (*Id.* at 18.)

Plaintiffs' allegations are not sufficient to allow the Court to draw the reasonable inference that NDOC has failed to comply with the FLSA's minimum wage and overtime requirements as alleged in the first two claims for relief. Plaintiffs fail to allege sufficient facts — such as the length of their workweek, the hours they purportedly worked for any given workweek, their regular rate of pay or average rate of pay, and the amount of overtime wages they believe are owed — to allow the Court to find plausibility. For example, if Plaintiffs worked a 30-hour workweek, then NDOC's failure to compensate them for an additional hour per workday at the overtime rate would not violate the FLSA because they worked no more than 37 hours, assuming a 7-day workweek.[2] Similarly, if their hourly rate was significantly above the minimum wage, their hourly rate of pay may still be above the minimum wage when their compensation for the workweek is averaged across their total time worked for the workweek. Absent such additional allegations, the Complaint fails to state a plausible claim for relief for failure to pay the minimum wage and overtime as required under the FLSA.

The Court agrees with NDOC that the Complaint fails to state a claim for violations of the FLSA's overtime and minimum wage requirements in the first two claims for relief. The first two claims will be dismissed. Accordingly, the Court declines to address the remaining arguments raised in the Motion relating to the FLSA claims.

///

---

[2] Plaintiffs claim in their response that "the employees were all scheduled to work a full 40 hours per week, or 80 hours per two weeks . . ." (ECF No. 87 at 4.) However, this allegation is not asserted in the Complaint.

4

The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). The Court cannot find that amendment would be futile because Plaintiffs may be able to amend their Complaint to cure the deficiencies identified above. The Court will therefore grant leave to amend.

### B. State Law Claims

Because the Court dismisses the FLSA claims, albeit with leave to amend, the Court declines to exercise supplemental jurisdiction over the remaining two state law claims pursuant to 28 U.S.C. § 1367(c). The two state law claims for violation of Article 14 § 16 of the Nevada Constitution and for breach of contract are dismissed without prejudice.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendant's Renewed Motion for Judgment on the Pleadings (ECF No. 86) is granted as set forth in this Order. Plaintiffs' first two claims for relief are dismissed without prejudice. Plaintiffs will be given thirty (30) days to amend their complaint to cure the deficiencies identified in this Order. Failure to file an amended complaint will result in dismissal of these two claims with prejudice. The Court declines to exercise supplemental jurisdiction over the two state law claims and therefore dismisses them without prejudice.

DATED THIS 20th day of March 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5