UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JACOB WALDEN, *et al.*, | Case No. 3:14-cv-00320-MMD-WGC |
| Plaintiffs, | **MINUTES OF PROCEEDINGS** |
| vs. | |
| | June 7, 2017 |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>   Katie Lynn Ogden   </u>   REPORTER: <u>         FTR         </u>

COUNSEL FOR PLAINTIFFS: <u>  Joshua Buck and Mark Thierman (Present)  </u>

COUNSEL FOR DEFENDANTS: <u>  Richard Dreitzer and C. Wayne Howle (Present)  </u>

**MINUTES OF PROCEEDINGS: Discovery Status Conference**

10:03 a.m.  Court adjourns.

    The court holds today's conference to address the parties' Proposed Second Amended Discovery Plan and Scheduling Order [Special Scheduling Review Requested]" (ECF No. 102) and the competing positions held by the Plaintiffs and Defendant State of Nevada on behalf of the Department of Corrections (NDOC) with regard to the matter of discovery.

    The court first inquires about the accuracy of the list of attorneys who have made an appearance in this case on behalf of the Defendant.  Mr. Dreitzer states he will review the list captioned on the docket and make any corrections necessary to clarify the record of Defendant's attorneys of record.   Mr. Howle states he is only "covering" the Attorney General's Office and will not be counsel of record.

    Before discussing the subject of today's conference, the court orders that the parties' stipulation for enlargement of time to respond to Defendant's motion to strike (ECF No. 100) is **GRANTED** *nunc pro tunc* and that the parties' stipulation for enlargement of time to respond to Defendant's motion to dismiss (ECF No. 101) is **GRANTED** *nunc pro tunc*.

/ / /

MINUTES OF PROCEEDINGS
3:14-cv-00320-MMD-WGC
June 7, 2017

      The court next discusses with counsel its preliminary evaluation of the case and reminds counsel that its evaluation is not a prediction of how District Judge Du will rule on Defendant's motion to dismiss Plaintiffs' First Amended Complaint (ECF No. 99). The court states, at this time, it is operating under the interpretation that the Plaintiffs' First Amended Complaint (ECF No. 95) will survive Defendant's motion to dismiss. Therefore, a stay of the case is not necessary and limited discovery is appropriate given the assertions are made with more specificity within the amended complaint.

      In view of the court's position, the court and counsel have extensive discussion as to what discovery is appropriate to undertake at this time. Plaintiffs' position is that discovery is limited to experts and all other discovery has been completed as to the named Plaintiffs and as to a representative sampling of the opt-in Plaintiffs. Defendant takes the position that by reasons of Plaintiffs' First Amended Complaint they are entitled to discovery as to named Plaintiffs and representative Plaintiffs. Defendant seeks to depose a certain number of Plaintiffs and also propound written discovery.

      The court stresses the importance of recently amended Fed. P. Civ. P. 1 which emphasizes the importance of the "inexpensive determination" of lawsuits. Accordingly, discovery is hereby limited to a representative number of Plaintiffs–not all Plaintiffs who have opted into this action will be subject to discovery requests. The court sets forth the parameters of discovery as follows:

    **DEPOSITIONS:**

- Defendant is allowed to depose five (5) named Plaintiffs. Depositions are to not exceed two 2 hours. Deadline to complete depositions is **Thursday, 10/5/2017**; however, the court encourages the depositions be completed before the stated deadline.
- Defendant is allowed to re-depose five (5) opt-in Plaintiffs, preferably current state employees who have already been deposed (a list of names are identified at ECF No. 102, pg. 9) . Depositions are to not exceed one (1) hour. Deadline to complete depositions is **Thursday, 10/5/2017**;however, the court encourages the depositions be completed before the stated deadline.
- Defendant is allowed to depose five (5) new opt-in Plaintiffs who have not been previously deposed, preferably current state employees. Depositions are to not exceed two (2) hours. Deadline to complete depositions is **Tuesday, 8/1/2017**.

/ / /

**WRITTEN DISCOVERY:**

- Defendant is allowed to propound written discovery on twenty (20) opt-in Plaintiffs. Written discovery shall not exceed ten (10) questions, including sub-parts. Defendant shall serve the written discovery requests no later than **12:00 p.m. on Wednesday, 6/14/2017**. Plaintiffs shall respond to discovery no later than close of business **Friday, 7/14/2017**. Counsel are directed to confer about how to identify the selection of the twenty (20) opt-in Plaintiffs to serve written discovery. The court suggests that the twenty (20) Plaintiffs be current state employees.

If necessary, the court will entertain a motion by the Defendant for additional depositions and/or written discovery.

The court next modifies the discovery plan and scheduling order as follows:

- Discovery Cut-Off: **Friday, 11/17/2017**;
- Disclosure of Experts: **Friday, 9/1/2017**;
- Rebuttal Experts: **Friday, 10/6/2017**;
- Motion for Class Certification/Motion to Decertify : **Friday, 12/22/2017**; and
- Dispositive Motions: **Deferred** until 45 days after decision on the Motion for Class Certification/Motion to Decertify.

The court schedules a status conference for **Wednesday, 7/19/2017, at 1:30 p.m.** Counsel wishing to appear telephonically shall dial **1-877-873-8017**, enter the access code **3416460**, and enter the security code **71917** approximately five (5) minutes prior to the hearing.

A joint status report shall be submitted to the court no later than **Thursday, 7/13/2017**. If appropriate, counsel may contact Ms. Ogden prior to 7/13/2017, to advise her whether the status conference is necessary at that time or not, which the court may then vacate the hearing and reschedule it at a later date.

The court directs counsel to schedule a meet and confer conference to address the setting of NDOC site visits at the various facilities throughout the District of Nevada.

/ / /

Counsel are advised they may contact Ms. Ogden to schedule an expedited discovery status conference should a discovery dispute arise; however, counsel are reminded to comply with the meet and confer requirements of the local rules before requesting the court's intervention.

There being no additional matters to address at this time, court adjourns at 11:04 a.m.

DEBRA K. KEMPI, CLERK OF COURT

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk