UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD WALDEN JR., *et al.*, | Case No. 3:14-cv-00320-MMD-WGC |
| Plaintiffs, | |
| v. | ORDER |
| THE STATE OF NEVADA, *ex rel.* ITS NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Defendant State of Nevada, Department of Corrections, removed this action pursuant to 28 U.S.C. § 1331 because the complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* (ECF No. 1.) However, in reviewing the Motion to Dismiss (ECF No. 99) and the related briefs, the Court finds that the doctrine of sovereign immunity may apply to the FLSA claims against the State of Nevada as brought in federal court. While FLSA confers subject matter jurisdiction on this Court, the Supreme Court has found that the statute does not waive a state's sovereign immunity from suit in federal court. *See Employees of Dep't of Public Health & Welfare of Missouri v. Dep't of Public Health & Welfare of Missouri*, 411 U.S. 279, 283 (1973) (finding that FLSA generally applied to the state of Missouri but that the state's immunity to a private suit barred recovery in federal court); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72-73 (1996) (finding that Congress lacks the power under Article I of the Constitution to abrogate the States' sovereign immunity from suits commenced or prosecuted in the

federal courts). Similarly, the Ninth Circuit has held that "[f]ederal courts lack jurisdiction over FLSA cases brought against States in the absence of a waiver of immunity." *Quillin v. State of Oregon*, 127 F.3d 1136, 1139 (9th Cir. 1997). A waiver of sovereign immunity will be found "only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). Under NRS § 41.031(3), the state of Nevada has explicitly refused to waive its sovereign immunity in suits brought by state citizens in federal court. Thus, it appears that this Court is barred from adjudicating the FLSA claims and this case should be remanded.

Accordingly, the parties are directed to file supplemental briefs of up to five (5) pages in length to address why the Court should not remand this action. The supplemental briefs are due within ten (10) days of this order.

DATED THIS 1st day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE