Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermabuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD WALDEN JR, NATHAN ECHEVERRIA, AARON DICUS, BRENT EVERIST, TRAVIS ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>THE STATE OF NEVADA, *EX REL.* ITS NEVADA DEPARTMENT OF CORRECTIONS, and DOES 1-50,<br><br>  Defendant. | Case No.: 3:14-cv-00320-MMD-WGC<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 26, 2018, ORDER WITH RESPECT TO THE NRS 284.180 OVERTIME CLAIM PURSUANT TO FRCP 59(e) AND 60(b) (ECF NO. 166)** |

Plaintiffs DONALD WALDEN JR, NATHAN ECHEVERRIA, AARON DICUS, BRENT EVERIST, TRAVIS ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY ("Plaintiffs") on behalf of themselves and all others similarly situated, hereby respectfully request that the Court reconsider its March 26, 2018, Order Granting, In Part, Defendant's Motion to Dismiss with respect to Plaintiffs' overtime claim under NRS 284.180. (ECF No. 166). This Motion is brought pursuant to Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure. Rule 59(a)(1)(b) states that: "The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows: . . . after a nonjury trial, for any reason for which a rehearing has heretofore been

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

granted in a suit in equity in federal court." Rule 60(b) allows a district judge to provide relief from a final judgment if the moving party can show(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) *any other reason that justifies relief.*" (Emphasis added).

The Court dismissed Plaintiffs' Overtime Claim under NRS 284.180 (Fourth Cause of Action), without prejudice, for failing to exhaust their administrative remedies. (ECF No. 166, at pp. 15-16). As set forth more fully in the following Memorandum of Points and Authorities, any such requirement to exhaust administrative remedies would be futile, as demonstrated by past grievances submitted by Correctional Officers employed by Defendant and who are party plaintiffs in this action.

This motion is based on the pleadings and papers on file, the Memorandum of Points and Authorities, the Declaration of Opt-In Plaintiff James Kelly, all papers on file in this action, and any oral argument that may be heard.

DATED: April 9, 2018                                  Respectfully Submitted,

                                                       THIERMAN BUCK LLP

                                                       */s/Joshua D. Buck*
                                                       Mark R. Thierman, Bar No. 8285
                                                       Joshua D. Buck, Bar No. 12187
                                                       Leah L. Jones, Bar No. 13161
                                                       7287 Lakeside Drive
                                                       Reno, Nevada 89511

                                                       *Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

Rule 59(e) motion is the proper vehicle for seeking reconsideration of a summary judgment ruling. *Stephenson v. Calpine Conifers II, Ltd.*, 652 F.2d 808, 811 (9th Cir.1981), overruled on other grounds, *Puchall v. Houghton, Cluck, Coughlin & Riley (In re Washington Pub. Power Supply Sys. Sec. Lit.),* 823 F.2d 1349 (9th Cir.1987) (en banc), *Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988). A motion to "alter or amend" a judgment under Rule 59(e) seeks "a substantive change of mind by the court." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir.1983). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir.2003). *Turner v. High Desert State Prison,* 2:13-CV-01752-GMN, 2014 WL 321070 (D. Nev. Jan. 29, 2014). The motion under Rule 60(b) is simply derivative of the motion under Rule 59.

**I. REQUIRING PLAITIFFS TO EXHAUST THEIR ADMINISTRATIVE REMEDIES WOULD BE FUTILE BECAUSE A PARTY PLAINTIFF HAS ALREADY ATTEMPTED TO DO SO AND THE ADMINISTRATIVE AGENCY REFUSED TO TAKE JURISDICTION OVER HIS GRIEVANCE**

When an attempt to exhaust administrative remedies would be futile or the administrative process is inadequate, a party may be excused from a requirement to exhaust an administrative remedy. *Malecon Tobacco, LLC v. State ex rel. Dep't of Taxation,* 118 Nev. 837, 839, 59 P.3d 474, 476 (2002) (holding that administrative exhaustion is not required when it is futile); *see also Fernandez v. Chertoff,* 471 F.3d 45, 58 (2d Cir.2006) (holding that administrative exhaustion may be excused if "the agency cannot provide effective relief"). Though Prem and the remaining real parties in interest treat them as a singleconcept, futility and inadequacy are separate exceptions to the administrative exhaustion requirement. *Randolph–*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

*Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90, 107 (D.C.Cir.1986). Futility occurs when "the agency will almost certainly deny any relief either because it has a preconceived position on, or lacks jurisdiction over, the matter." *Id.* Inadequacy occurs when "the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong." *Id.*

Requiring Plaintiffs to exhaust their administrative remedies in order to continue to pursue their NRS 284.180 claim in this Court would be futile because COs have already exhausted their administrative remedies and the agency has refused jurisdiction over the wage claim. Opt-In Plaintiff James Kelly filed a grievance to be paid for the pre and post shift time at issue in this action on February 13, 2013. *See* Declaration of James Kelly ("Kelly Dec."), at ¶ 4, Exhibit A. In his grievance, he stated: "I have been working for the department in unpaid status for several years. I came to realize that my employer is required to pay me for time that I have actively engaged in department business." *Id.* at p. 1. He then attached a detailed account of the activites that he believed he should be paid for and relevant legal citations. *See Id.* at pp. 4-9.

NDOC's first step response was as follows:

> In response to your recent request for a review of pay records and work schedules, you allege that you are entitled to receive back pay. This allegation is based on your belief that you have been working for the NDOC in unpaid status for several years. However, you have provided no documentation to support this. All State employees have the ability to access their time sheets in NEATS. Officers commencd entering their own timesheets in NEATS in 2007. You can self-audit and then provide appropriate documentation to support your claim if it is valid.
>
> **Your grievance is denied.**

*Id.* at p. 2.

CO Kelly appealed to the second step. His comments in support of the second step appeal were as follows:

> The Department of Corrections has been enriched by my labor for years. I arrive for work and commnence to engage in activities that

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

> enrich the Deparment, and/or in activities that ae required of me by my employer, and I have not been compensated. These activities are explained in my attached statement. It is clear that the WHD of the FLSA considers these activities compensable. I am not the final auditor of my timesheet. I have placed overtime that I have earned on my timesheet in the past, only to have it removed without my consent. I have had to file grievances to get that overtime back. This is what I am currently engaged in, now that I have a clear definition fo what is compensable to me. Federla law is clear on what I shall be compensated for, and I would suggest that you read the attached fact sheets, and that you comply with the Federal law as defined in these fact sheets. It is not work requested, but it is work suffered or permitted as defined by the Fact Sheet.

NDOC's second step response was callous and curt, to say the least:

> You were answered correctly at the first step of your grievance. You have made a general statement about work you claimed to have done. You have not provided any information in regards to specific dates and times where you worked and were not compensated. It would be your responsibility to do this research and provide the information.

*Id*. at p. 2.

NDOC's similarly frustrated CO Kelly's attempt at convincing NDOC that they need to compensate him for the pre- and post-shift activities that he was performing. In response, NDOC simply identified its policy that it only pays to the shift and when a CO is at his or her assigned post: "It is the employees responsibility to accurately report on their own time sheet the time they come to work and arrive on their post assignment and begin work and the time they leave their post assignment and end their work shift each work day." *Id*. at p. 3.

CO Kelly appealed NDOC's determination to the Employee-Management Committee ("EMC"). *See* Kelly Dec. at ¶ 5, Exhibit B. The EMC rejected CO Kelly's grievance on the grounds that a wage claim that is based on federal law guidance "does not fall within [the EMC's] jurisdiction." *Id*. at p. 1. CO Kelly's grievance was lost along with his back overtime wages owed.

As is demonstrated by the EMC's refusal to take jurisdiction over this claim, any future grievance submitted by Plaintiffs and on behalf of all Opt-Ins (including Mr. Kelly) would be

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 26, 2018, ORDER WITH RESPECT TO THE NRS 284.180 OVERTIME CLAIM PURSUANT TO FRCP 59(e) AND 60(b)

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

futile because the agency has already refused to take jurisdiction that is based on federal legal theories. While Plaintiffs' claim under NRS 284.180 is based on a Nevada state statute, the interpretation of whether COs are owed overtime under that statute is certainly guided by whether COs have a claim under the FLSA. There are no state interpretations of NRS 608.180 or what should be deemed "compensable work" under Nevada's administrative regulations. As a result, federal regulations construing the FLSA would most certainly be consulted and will govern the grievance. Since this Court has already ruled the Plantiffs have stated a valid claim for compensation for the pre and post shift activities at issue under federal law, the EMC will not, and cannot, take jurisdiction over the interpretation of these federal principals.

## II.   CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court reconsider its decision to dismiss, without prejudice, Plaintiffs' overtime claim under NRS 284.180 (ECF No. 166) for failure to exhaust administrative remedies and re-instate that claim in this action.

DATED: April 9, 2018

Respectfully Submitted,

THIERMAN BUCK LLP

*/s/Joshua D. Buck*
Mark R. Thierman, Esq., Bar No. 8285
Joshua D. Buck, Esq., Bar No. 12187
Leah L. Jones, Esq., Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511

*Attorneys for Plaintiffs*