Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermabuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD WALDEN JR, NATHAN ECHEVERRIA, AARON DICUS, BRENT EVERIST, TRAVIS ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF NEVADA, *EX REL.* ITS NEVADA DEPARTMENT OF CORRECTIONS, and DOES 1-50, <br><br> Defendant. | Case No.: 3:14-cv-00320-MMD-WGC <br><br> **DECLARATION OF JAMES KELLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 26, 2018, ORDER WITH RESPECT TO THE NRS 284.180 OVERTIME CLAIM PURSUANT TO FRCP 59(e) AND 60(b)** |

I, James Kelly, hereby declare and state as follows:

1.      I am over the age of eighteen and I have personal knowledge of the facts and circumstances set forth in this declaration. If I were called as a witness I would and could competently testify to the matters set forth herein.

2.      I was employed by Defendant THE STATE OF NEVADA, NEVADA DEPARTMENT OF CORRECTIONS ("Defendant" or "NDOC") as a Correctional Officer at the Northern Nevada Correctional Center ("NNCC") from on or about June 2008 to September 2010, and at Warm Springs Correctional Center ("WSCC") from on or about September 2010

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1  to August 2011, and then I went back to NNCC on or about August 2011 until I retired in

2  November 2015.[1]

3       3.  I opted-in to this action and became a party plaintiff before conditional

4  certification was granted in this action on August 8, 2014. I also submitted a Consent to Join

5  after conditional certification was granted on April 1, 2015.

6       4.  On February 13, 2013, I filed a grievance with NDOC to be compensated for all

7  of the pre and post shift activities that I had performed without compensation. A true and correct

8  copy of the the grievance that I filed, along with attachments, and the response from NDOC is

9  attached hereto as Exhibit A.

10      5.  My grievance was summarily denied by NDOC. On March 13, 2013, I appealed

11  the NDOC's decision to the Emplyee-Management Committee ("EMC"). The EMC refused to

12  hear my grievance. A true and correct copy of the EMC's refusal to hear my grievance is

13  attached hereto as Exhibit B.

14      I declare under the penalty of perjury under the laws of the United States of America

15  and the State of Nevada that the foregoing is true and correct.

16      Executed on: 4/9/2018 _____, at Dayton, Nevada.

17

18                          DocuSigned by:

19                          _____
                            52B1528D83FD481...
                            JAMES KELLY

20

21

22

23

24

25

26

27

28  [1] I also worked at Southern Desert Correctional Center ("SDCC"), High Desert State Prison ("HDSP"), and Nevada
    State Prison ("NSP") prior to the relevant class period.

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 26, 2018, ORDER WITH
RESPECT TO THE NRS 284.180 OVERTIME CLAIM PURSUANT TO FRCP 59(e) AND 60(b)

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

# EXHIBIT A

## *James Kelly Grievance*

# EXHIBIT A

State of Nevada - GRIEVANCE

Grievance Id: 2474

| Grievance Number | Grievant | Status |
|---|---|---|
| 2474 | KELLY,JAMES | Step 3 Escalated |

## Grievant Information

| Name | Send Documents to External Rep |
|---|---|
| KELLY,JAMES | No |
| Agency | Work Phone |
| 440 | 7758879297 |
| Organization | Home Phone |
| 3717 | 7752467390 |
| Location | Email |
| CC0360 | jakelly@doc.nv.gov |
| Title | |

## Mailing Address

| Mailing Address |
|---|
| 135 River Village Cr. |
| Dayton, NV 89403 - |
| Contact Number |
| 775-246-7390 |

## Grievance Details

| Event Date | Location |
|---|---|
| 02/13/2013 | NNCC |
| Event Time | Date Aware of Event |
| | |
| Grievant Submission Waiver | Agency Submission Waiver |
| No | No |

Categories(s)

Compensation, Shift/Hours, Work Duties

Detailed Description

I have been working for the department in unpaid status for several years. I came to realize that my employer is required to pay me for time that I have been activly engaged in department business. I have attached several documents from the Department of Labor which describe in detail just what work time consists of.

NRS or NAC Sections

Attached documents

Proposed Resolution

I want my pay records and my work schedules reviewed so that I may receive all back pay that I am entitled to.

## Details Attachment

| Details Attachment |
|---|
| WHD fact sheet 22 Define hours worked.pdf |
| whdfs23 overtime.pdf |
| FLSA letter February 13.doc |
| FairLaborStandAct.pdf |

## Step 1 Details

Submitted to

SCHRECKENGOST, RONALD

| Submission Due Date | Submit Date |
|---|---|
| 03/14/2013 | 02/13/2013 |
| Response Due Date | Response Date |
| 02/28/2013 | 02/27/2013 |
| Action Due Date | Action Date |
| 03/13/2013 | 02/27/2013 |
| Grievant extension | Agency extension |
| No | No |

Response

PLAINTIFFS 11079

**State of Nevada - GRIEVANCE**                                          Grievance Id: 2474

In response to your recent request for a review of pay records and work schedules, you allege that you are entitled to receive back pay. This allegation is based on your belief that you have been working for the NDOC in unpaid status for several years. However, you have provided no documentation to support this. All State employees have the ability to access their time sheets in NEATS. Officers commenced entering their own timesheets in NEATS in 2007. You can self-audit and then provide appropriate documentation to support your claim if it is valid.

Your grievance is denied.
| NRS or NAC Sections |
| --- |
| Grievant Action |
| Escalate to Next Step |
| Grievant Comments |

The Department of Corrections has been enriched by my labor for years. I arrive for work and commence to engage in activities that enrich the Department, and/or in activities that are required of me by my employer, and I have not been compensated. These activities are explained in my attached statement. It is clear that the WHD of the FLSA considers these activities as compensable. I am not the final auditor of my timesheet. I have placed overtime that I have earned on my timesheet in the past, only to have it removed without my consent. I have had to file grievances to get that overtime back. This is what I am currently engaged in, now that I have a clear definition of what is compensable to me. Federal law is clear on what I shall be compensated for, and I would suggest that you read the attached fact sheets, and that you comply with the Federal law as defined in these fact sheets. It is not work requested, but it is work suffered or permitted as defined by the Fact Sheet.

| Step 1 Response Attachments |
| --- |
| No Attachments |

| Step 1 Grievant Attachments |
| --- |
| No Attachments |

| Step 1 Event Log | | | |
| --- | --- | --- | --- |
| Date/Time | User | Event Type | Description |
| 02/27/2013 | jkell1 | Grievance Escalated by Grievant | Step 1 Grievant Response Submitted |
| 02/27/2013 | rschreck | Grievance Response Submitted | Step 1 Response Submitted |
| 02/13/2013 | jkell1 | Grievance Submitted | Submitted at Step 1 |

| Step 2 Details | |
| --- | --- |
| Submitted to | |
| BACA, ISIDRO | |
| Submission Due Date | Submit Date |
| 03/13/2013 | 02/27/2013 |
| Response Due Date | Response Date |
| 03/13/2013 | 03/08/2013 |
| Action Due Date | Action Date |
| 03/22/2013 | 03/08/2013 |
| Grievant extension | Agency extension |
| No | No |

Response

You were answered correctly at the first step of your grievance. You have made a general statement about work you claimed to have done. You have not provided any information in regards to specific dates and times where you worked and were not compensated. It would be your responsibility to do this research and provide the information.
| NRS or NAC Sections |
| --- |
| Grievant Action |
| Escalate to Next Step |
| Grievant Comments |

| Step 2 Response Attachments |
| --- |
| No Attachments |

| Step 2 Grievant Attachments |
| --- |
| No Attachments |

PLAINTIFFS 11080

**State of Nevada - GRIEVANCE**

Grievance Id: 2474

## Step 2 Event Log

| Date/Time | User | Event Type | Description |
|---|---|---|---|
| 03/08/2013 | jkell1 | Grievance Escalated by Grievant | Step 2 Grievant Response Submitted |
| 03/08/2013 | ibaca | Grievance Response Submitted | Step 2 Response Submitted |
| 02/27/2013 | jkell1 | Grievance Submitted | Submitted at Step 2 |

## Step 3 Details

Submitted to

MCDANIEL, ELDON

| Submission Due Date | Submit Date |
|---|---|
| 03/22/2013 | 03/08/2013 |

| Response Due Date | Response Date |
|---|---|
| 03/22/2013 | 03/11/2013 |

| Action Due Date | Action Date |
|---|---|
| 03/25/2013 | 03/12/2013 |

| Grievant extension | Agency extension |
|---|---|
| No | No |

Response

I have read your grievance and the responses you have recieved from your supervisors. It is the employees responsibility to accuratly report on their own time sheet the time they come to work and arive on their post assignment and begin work and the time they leave their post assignment and end their work shift each work day. It is the responsibility of their supervisor to ensure this is accurate information and approve this time sheet if this time sheet is in question then it must be brought to the attention of the supervisor at the end of that pay period. I have not recieved any information in regards to your time sheets being inaccurate and you as well as your supervisor has signed them according to the regulations. According to your grievance you state a date of 2007 your time to grieve an employment issue has well past since 2007 and you are not eligible to grieve any issue during that extended time frame. Your grievance is denied. I would suggest that you ensure on a pay period by pay period basis you make sure your time sheet is accurate and understand that when you sign it That is how your pay will be calculated and paid.

NRS or NAC Sections

Grievant Action

Escalate to Next Step

Grievant Comments

I disagree with the notion that my grievance timeframe has expired. I just recently became aware of the Federal law which entitles me to be paid from the time I arrive and begin to conduct activity which is job related (walking in the secured gatehouse, and clearing the scanner) and therefore I am within the timeframe. Because this has been happening in the past, I am entitled to receive back pay for the known mistakes by the Department in not knowing the law, and allowing this to continue. At the time I signed my timesheets, the Department has led me to believe that I can only be paid when I arrive at my duty station. Federal law shows that this is not the case. Your continued ignorance of the proper application of this law I believe will be shown as a deliberate action that has taken place and continues to take place. Also, when timesheets are submitted, they are always allowed to be corrected. I have reviewed timesheets for years, and I can tell you that there were several timesheets each and every time period, where changes and corrections were needed for one reason or another. The fact that I signed my timesheets does not put me in a position where I can not file a payroll memorandum and have it corrected. I am alwasy entitled to be paid for my labor. The Department cannot claim "tuff luck" if there was a mistake.

## Step 3 Response Attachments

No Attachments

## Step 3 Grievant Attachments

No Attachments

## Step 3 Event Log

| Date/Time | User | Event Type | Description |
|---|---|---|---|
| 03/12/2013 | jkell1 | Grievance Escalated by Grievant | Step 3 Grievant Response Submitted |
| 03/11/2013 | emcdanie | Grievance Response Submitted | Step 3 Response Submitted |
| 03/08/2013 | jkell1 | Grievance Submitted | Submitted at Step 3 |

PLAINTIFFS 11081

<u>February 13, 2013</u>

### <u>Activities performed at Northern Nevada Correctional Center which are required activities and therefore constitute activities that are compensable under the Fair Labor Standards Act.</u>

1. When I arrive for my work day, I am let into the gatehouse door which is controlled by someone other than myself. I am in the gatehouse and have no means of leaving the building unless someone else allows me to leave.

2. I receive a work assignment from my supervisor, and I am sometimes briefed on general activities that may be occurring on the Institution. I am also *required* to occasionally take care of some administrative business which the supervisor would inform me of.

3. If I am working on a unit, I am *required* to pick up the mail bag for that unit which contains mail for the inmates. I would otherwise never be allowed to carry U.S. postal material for anyone other than myself.

4. I am *required* to walk to the unit which I am assigned to, and I am *required* to receive a briefing from the off going officer. During my walk to the assigned unit, I am wearing a Correctional uniform which clearly identifies me as a correctional officer on a correctional facility.

5. When I leave for the day, I am *required* to carry the mail bag for the inmates to the gatehouse and put it near the mailroom.

6. I am allowed to leave when the officer controlling the gatehouse door opens it and allows me to leave.

It is clear to me that from the time I enter the gatehouse, until the time I leave the gatehouse, I am in a work environment and at the very least, I fall under the category of, "Suffer or Permit to Work" as defined in the FLSA.

As far as the walk to the unit, I am walking onto an Institution with hundreds of inmates having full access to me. It is like a bank teller sitting at his desk with his name tag on, but is not working. This would never be allowed to happen.

I am asking for a full review of the time I have spent in these unpaid activities, and that I be compensated for this time in accordance with the Fair Labor Standards Act.

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division
(Revised July 2008)

## Fact Sheet #22: Hours Worked Under the Fair Labor Standards Act (FLSA)

This fact sheet provides general information concerning what constitutes compensable time under the FLSA. The Act requires that employees must receive at least the minimum wage and may not be employed for more than 40 hours in a week without receiving at least one and one-half times their regular rates of pay for the overtime hours. The amount employees should receive cannot be determined without knowing the number of hours worked.

### Definition of "Employ"

By statutory definition the term "employ" includes "to suffer or permit to work." The workweek ordinarily includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place. ("Workday", in general, means the period between the time on any particular day when such employee commences his/her "principal activity" and the time on that day at which he/she ceases such principal activity or activities. The workday may therefore be longer than the employee's scheduled shift, hours, tour of duty, or production line time.

### Application of Principles

Employees "Suffered or Permitted" to work: Work not requested but suffered or permitted to be performed is work time that must be paid for by the employer. For example, an employee may voluntarily continue to work at the end of the shift to finish an assigned task or to correct errors. The reason is immaterial. The hours are work time and are compensable.

**Waiting Time:** Whether waiting time is hours worked under the Act depends upon the particular circumstances. Generally, the facts may show that the employee was engaged to wait (which is work time) or the facts may show that the employee was waiting to be engaged (which is not work time). For example, a secretary who reads a book while waiting for dictation or a fireman who plays checkers while waiting for an alarm is working during such periods of inactivity. These employees have been "engaged to wait."

**On-Call Time:** An employee who is required to remain on call on the employer's premises is working while "on call." An employee who is required to remain on call at home, or who is allowed to leave a message where he/she can be reached, is not working (in most cases) while on call. Additional constraints on the employee's freedom could require this time to be compensated.

**Rest and Meal Periods:** Rest periods of short duration, usually 20 minutes or less, are common in industry (and promote the efficiency of the employee) and are customarily paid for as working time. These short periods must be counted as hours worked. Unauthorized extensions of authorized work breaks need not be counted as hours worked when the employer has expressly and unambiguously communicated to the employee that the authorized break may only last for a specific length of time, that any extension of the break is contrary to the employer's rules, and any extension of the break will be punished. Bona fide meal periods (typically 30 minutes or more) generally need not be compensated as work time. The employee must be completely relieved from duty for the purpose of eating regular meals. The employee is not relieved if he/she is required to perform any duties, whether active or inactive, while eating.

PLAINTIFFS 11085

**Sleeping Time and Certain Other Activities:** An employee who is required to be on duty for less than 24 hours is working even though he/she is permitted to sleep or engage in other personal activities when not busy. An employee required to be on duty for 24 hours or more may agree with the employer to exclude from hours worked bona fide regularly scheduled sleeping periods of not more than 8 hours, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. No reduction is permitted unless at least 5 hours of sleep is taken.

**Lectures, Meetings and Training Programs:** Attendance at lectures, meetings, training programs and similar activities need not be counted as working time only if four criteria are met, namely: it is outside normal hours, it is voluntary, not job related, and no other work is concurrently performed.

**Travel Time:** The principles which apply in determining whether time spent in travel is compensable time depends upon the kind of travel involved.

**Home to Work Travel:** An employee who travels from home before the regular workday and returns to his/her home at the end of the workday is engaged in ordinary home to work travel, which is not work time.

**Home to Work on a Special One Day Assignment in Another City:** An employee who regularly works at a fixed location in one city is given a special one day assignment in another city and returns home the same day. The time spent in traveling to and returning from the other city is work time, except that the employer may deduct/not count that time the employee would normally spend commuting to the regular work site.

**Travel That is All in a Day's Work:** Time spent by an employee in travel as part of their principal activity, such as travel from job site to job site during the workday, is work time and must be counted as hours worked.

**Travel Away from Home Community:** Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly work time when it cuts across the employee's workday. The time is not only hours worked on regular working days during normal working hours but also during corresponding hours on nonworking days. As an enforcement policy the Division will not consider as work time that time spent in travel away from home outside of regular working hours as a passenger on an airplane, train, boat, bus, or automobile.

**Typical Problems**

Problems arise when employers fail to recognize and count certain hours worked as compensable hours. For example, an employee who remains at his/her desk while eating lunch and regularly answers the telephone and refers callers is working. This time must be counted and paid as compensable hours worked because the employee has not been completely relieved from duty.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).** This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

1-866-4-USWAGE
TTY: 1-866-487-9243
Contact Us

**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division
(Revised July 2008)

# Fact Sheet #23: Overtime Pay Requirements of the FLSA

This fact sheet provides general information concerning the application of the <u>overtime pay</u> provisions of the <u>FLSA</u>.

### Characteristics

An employer who requires or permits an employee to work overtime is generally required to pay the employee premium pay for such overtime work.

### Requirements

Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay. There is no limit in the Act on the number of hours employees aged 16 and older may work in any workweek. The Act does not require <u>overtime pay</u> for work on Saturdays, Sundays, holidays, or regular days of rest, as such.

The Act applies on a workweek basis. An employee's workweek is a fixed and regularly recurring period of 168 hours -- seven consecutive 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of the day. Different workweeks may be established for different employees or groups of employees. Averaging of hours over two or more weeks is not permitted. Normally, overtime pay earned in a particular workweek must be paid on the regular pay day for the pay period in which the wages were earned.

The regular rate of pay cannot be less than the <u>minimum wage</u>. The regular rate includes all remuneration for employment except certain payments excluded by the Act itself. Payments which are not part of the regular rate include pay for expenses incurred on the employer's behalf, premium payments for overtime work or the true premiums paid for work on Saturdays, Sundays, and holidays, discretionary bonuses, gifts and payments in the nature of gifts on special occasions, and payments for occasional periods when no work is performed due to vacation, holidays, or illness.

Earnings may be determined on a piece-rate, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the average hourly rate derived from such earnings. This is calculated by dividing the total pay for employment (except for the statutory exclusions noted above) in any workweek by the total number of hours actually worked.

Where an employee in a single workweek works at two or more different types of work for which different straight-time rates have been established, the regular rate for that week is the weighted average of such rates. That is, the earnings from all such rates are added together and this total is then divided by the total number of hours worked at all jobs. In addition, section 7(g)(2) of the FLSA allows, under specified conditions, the computation of overtime pay based on one and one-half times the hourly rate in effect when the overtime work is performed. The requirements for computing overtime pay pursuant to section 7(g)(2) are prescribed in <u>29 CFR 778.415</u> through <u>778.421</u>.

Where non-cash payments are made to employees in the form of goods or facilities, the reasonable cost to the employer or fair value of such goods or facilities must be included in the regular rate.

## Typical Problems

Fixed Sum for Varying Amounts of Overtime: A lump sum paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money paid is equal to or greater than the sum owed on a per-hour basis. For example, no part of a flat sum of $180 to employees who work overtime on Sunday will qualify as an overtime premium, even though the employees' straight-time rate is $12.00 an hour and the employees always work less than 10 hours on Sunday. Similarly, where an agreement provides for 6 hours pay at $13.00 an hour regardless of the time actually spent for work on a job performed during overtime hours, the entire $78.00 must be included in determining the employees' regular rate.

Salary for Workweek Exceeding 40 Hours: A fixed salary for a regular workweek longer than 40 hours does not discharge FLSA statutory obligations. For example, an employee may be hired to work a 45 hour workweek for a weekly salary of $405. In this instance the regular rate is obtained by dividing the $405 straight-time salary by 45 hours, resulting in a regular rate of $9.00. The employee is then due additional overtime computed by multiplying the 5 overtime hours by one-half the regular rate of pay ($4.50 x 5 = $22.50).

Overtime Pay May Not Be Waived: The overtime requirement may not be waived by agreement between the employer and employees. An agreement that only 8 hours a day or only 40 hours a week will be counted as working time also fails the test of FLSA compliance. An announcement by the employer that no overtime work will be permitted, or that overtime work will not be paid for unless authorized in advance, also will not impair the employee's right to compensation for compensable overtime hours that are worked.

## Where to Obtain Additional Information

For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

U.S. Department of Labor
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

1-866-4-USWAGE
TTY: 1-866-487-9243
Contact Us

PLAINTIFFS 11088

**elaws** - FLSA Hours Worked Advisor

## Suffer or Permit to Work

The FLSA defines the term "employ" to include the words "suffer or permit to work". Suffer or permit to work means that if an employer requires or allows employees to work they are employed and the time spent is probably hours worked.

Thus, time spent doing work not requested by the employer, but still allowed, is generally hours worked, since the employer knows or has reason to believe that the employees are continuing to work and the employer is benefiting from the work being done. This time is commonly referred to as "working off the clock".

For example: An employee may voluntarily continue to work at the end of the working hours. He or she may need to finish an assigned task, prepare reports, finish waiting on a customer or take care of a patient in an emergency. An employee may take work home to complete in the evening or on weekends to meet a deadline. All such activity is hours worked.

When an employee must correct mistakes in his or her work, the time must be treated as hours worked. The correction of errors, or "rework", is hours worked, even when the employee voluntarily does the rework.

All time is hours worked which an employee is required to be at work or allowed to work for his or her employer. An employer may hire a person to do nothing or to do nothing but wait for something to do or something to happen.

Time which an employee is required to be at work or allowed to work for his or her employer is hours worked. A person hired to do nothing or to do nothing but wait for something to do or something to happen is still working. The Supreme Court has stated that employees subject to the FLSA must be paid for all the time spent in "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer of his business."

Hours worked include all time during which an employee is required or allowed to perform any work for an employer, regardless of where the work is done, whether on the employer's premises, at a designated work place, at home or at some other location.

It is the duty of management to exercise control and see that work is not performed if the employer does not want it to be performed. An employer cannot sit back and accept the benefits of an employee's work without considering the time spent to be hours worked. Merely making a rule against such work is not enough. The employer has the power to enforce the rule and must make every effort to do so. Employees generally may not volunteer to perform work without the employer having to count the time hours worked.

Please click on the **Back** button to return to previous page.

PLAINTIFFS 11089

# EXHIBIT B

## *James Kelly Grievance Appeal*

**EXHIBIT B**

Brian Sandoval
*Governor*



Mark Evans
*Chair*

Stephanie Canter
*Co-Vice-Chair*

**STATE OF NEVADA**

**EMPLOYEE-MANAGEMENT COMMITTEE**

100 N. Stewart Street, Suite 200 | Carson City, NV 89701
Phone: (775) 684-0135 | http://dop.nv.gov

Mandy Payette
*Co-Vice- Chair*

Carrie Parker
*Deputy Attorney General*

March 25, 2013

Dyer Lawrence Law Firm
2805 Mountain Street
Carson City, Nevada 89703

*Re: Grievance #2474 submitted by James Kelly (Decision 21-13)*

Dear Counsel:

This correspondence is being sent to you regarding the above-entitled grievance and the request for consideration of the grievance by the Employee-Management Committee ("EMC") that was submitted to this office on or about March 13, 2013.

When the EMC receives a request for consideration of a grievance, it may answer the request without a hearing if the matter is based upon the EMC's previous decisions or does not fall within its jurisdiction. *See* NAC 284.695(1). The EMC has jurisdiction to adjust grievances, as defined in NRS 284.384(6) and NAC 284.658. For the purposes of the EMC's jurisdiction, "the term 'grievance' does not include any grievance for which a hearing is provided by federal law." NAC 284.658(2).

The grieved issues related to the United States Department of Labor's ("DOL") legal interpretation of the federal Fair Labor Standards Act ("FLSA"). The proposed resolution requests review of pay records and work schedules for the purpose of determining whether, and to what extent, Mr. Kelly may be entitled to back pay under the FLSA. With the grievance paperwork, Mr. Kelly has included printouts and publications from the DOL's Wage and Hour Division related to the FLSA. The FLSA provides for a complaint and hearing process.

PLAINTIFFS 11093

James Kelly
March 25, 2013
Page 2

Because a hearing is provided by federal law, the EMC must regretfully DENY
Mr. Kelly's request for EMC consideration of his grievance.   *See* NAC
284.658(2). He may choose to pursue consideration by FLSA officials should he
so determine.

Sincerely,

*Mark Evans*

Mark Evans, Chair
Employee-Management Committee

Enclosure

cc:     Greg Cox, Director, NDOC
        Susie Bargmann, Human Resources Manager, NDOC
        Beth Bacon, Human Resources Analyst, NDOC
        Ann McDermott, Sr. Deputy Attorney General
        Celina Lopez, Attorney General Office
        Carrie Parker, EMC Counsel, Deputy Attorney General
        EMC File

PLAINTIFFS 11094

MICHAEL W. DYER
SANDRA G. LAWRENCE*
FRANCIS C. FLAHERTY
THOMAS J. DONALDSON
JESSICA C. PRUNTY

* ALSO ADMITTED IN CALIFORNIA

SUE S. MATUSKA*
CASEY A. GILLHAM

*OF COUNSEL*
HON. MICHAEL E. FONDI*

April 9, 2013

*Sent via U.S. Mail and facsimile to (775) 684-0118*

Mark Evans, Chair
Employee-Management Committee
100 N. Stewart Street, Suite 200
Carson City, NV 89701

> Re:    Appeal of James Kelly Grievance #2474;
>           Decision 21-13

Dear Mr. Evans:

As you know, this law firm represents the Nevada Corrections Association (NCA). Sr. Officer James Kelly is a member of NCA. I am writing in response to your letter dated March 25, 2013, denying Sr. Officer Kelly's request for EMC consideration of the above-referenced grievance.

According to your letter, you dismissed the grievance pursuant to NAC 284.695(1) for lack of jurisdiction by the EMC. The EMC clearly has jurisdiction of Sr. Officer Kelly's grievance challenging the denial of overtime compensation. Clearly, the alleged improper denial of overtime pay "constitutes an injustice relating to any condition arising out of the relationship between an employer and an employee," which is the definition of a grievance pursuant to NRS 284.384(6) and NAC 284.658. More specifically, NAC 284.658(1) provides:

> As used in NAC 284.341 and 284.658 to 284.697, inclusive, a "grievance" means an act, omission or occurrence which a permanent employee feels constitutes an injustice relating to any condition arising out of the relationship between an employer and an employee, including, but not limited to, **compensation,** working hours, working conditions, membership in an organization of employees or the interpretation of **any law,** regulation or disagreement. [emphasis added]

Thus, the applicable statutes and regulations contemplate and provide for grievances regarding compensation for overtime. The EMC clearly has the authority to award back pay for the inappropriate denial of overtime.

Additionally, you contend that NAC 284.658(2) restricts the EMC's jurisdiction stating "the term 'grievance' does not include any grievance for which a hearing is provided by federal law." However, NAC 284.658(2) provides:

> For the purposes of NAC 284.341 and 284.658 to 284.697, inclusive, the term "grievance" does not include any grievance for which a hearing is provided by NRS 284.165, 284.376 or 284.390.

PLAINTIFFS 11111

Mark Evans, Chair
April 9, 2013
Page 2


NRS 284.165 addresses "Allocation of positions; hearing; review by Commission;" NRS 284.376 addresses "Involuntary transfer; hearing; remedies;" and NRS 284.390 addresses "Hearing to determine reasonableness of dismissal, demotion or suspension; judicial review." None of which contemplate a hearing provided by federal law, nor do they address the denial of compensation for overtime.

   Therefore, on behalf of Sr. Officer Kelly, I am hereby requesting that you reconsider and reverse your decision to deny the above-referenced grievance and set the matter for hearing. Thank you for your anticipated attention to this matter. Please contact me if you have any questions.

        Sincerely yours,

        DYER, LAWRENCE, FLAHERTY,
        DONALDSON & PRUNTY


        Casey A. Gillham

CAG/ns
cc: Sr. Officer James Kelly
   Greg Cox, NDOC Director
   Matthew Deal, DAG


F:\cases\cases13\13091\130408evans.recon.ltr.wpd

PLAINTIFFS 11112

Brian Sandoval
*Governor*



Mark Evans
*Chair*

Stephanie Canter
*Co-Vice-Chair*

Mandy Payette
*Co-Vice-Chair*

Carrie Parker
*Deputy Attorney General*

## STATE OF NEVADA

### EMPLOYEE-MANAGEMENT COMMITTEE

100 N. Stewart Street, Suite 200 | Carson City, NV 89701
Phone: (775) 684-0135 | http://dop.nv.gov

April 12, 2013

Casey A. Gillham, Esq.
2805 Mountain Street
Carson City, Nevada 89703

*Re: Grievance #2474*

Dear Mr. Gillham:

This correspondence is in response to your April 9, 2013 letter requesting reconsideration of the grievance of James Kelly by the Employee-Management Committee ("EMC").

In your request, you have asserted "alleged improper denial of overtime pay constitutes an injustice relating to any condition arising out of the relationship between an employer and an employee," citing NRS 284.384(6) and NAC 284.658. While the EMC has jurisdiction to address injustices related to compensation, NAC 284.658(2) provides an exception from the definition of a "grievance" in situations where a hearing is provided by federal law. The letter denying Mr. Kelly's request for a hearing explicitly relied upon this exception.

The version of NAC 284.658(2) cited in your request for reconsideration is not the current version of this regulation. NAC 284.658(2) was amended, effective January 1, 2012, to include the following, in pertinent part:

> For the purposes of NAC 284.341 and 284.658 to 284.697, inclusive, *and section 1 of this regulation,* the term "grievance" does not include any grievance for which a hearing is provided by *federal law or* NRS 284.165, *284.245, 284.3629,* 284.376 or 284.390.

James Kelly
April 12, 2013
Page 2

While the legislature's website containing NAC 284.658(2) has not been updated
to reflect this amendment, it does contain the following disclaimer: "This chapter
of NAC has changes which have been adopted but have not been codified; you
can see those changes by viewing the following regulation(s) on the
Nevada Register of Administrative Regulations: R026-11, R027-11, R077-11."
Section 2 of adopted regulation LCB File R026-11 contains the new language
excepting any grievance for which a hearing is provided by federal law.
http://www.leg.state.nv.us/Register/2011Register/R026-11A.pdf.   A   copy   is
enclosed for your convenience.  Additionally, it is noted that the Division of
Human Resource Management has published *Rules for State Personnel
Administration*, http://dop.nv.gov/NAC.pdf, which organizes the statutes and
regulations by topic and which includes the amendments that are effective but
may not yet have been codified.

In Mr. Kelly's grievance, he has asserted a violation of the federal Fair Labor
Standards Act.  As this federal law provides for a hearing, Mr. Kelly's grievance is
not a "grievance" per NAC 284.658(2), and the EMC lacks jurisdiction to adjust it.
Additionally, Mr. Kelly's request that his pay records and work schedules be
reviewed is essentially a request for an investigation, and the EMC has
previously determined that it is not authorized to order an investigation.

Accordingly, the EMC must deny your request for reconsideration.

Sincerely,

Mark Evans

_____
Mark Evans, Chair
Employee-Management Committee

Enclosure

cc:    Greg Cox, Director, NDOC
       Susie Bargmann, Human Resources Manager, NDOC
       Beth Bacon, Human Resources Analyst, NDOC
       Ann McDermott, Sr. Deputy Attorney General
       Celina Lopez, Attorney General's Office
       Carrie Parker, EMC Counsel, Deputy Attorney General
       EMC File

PLAINTIFFS 11096

**ADOPTED REGULATION OF**

**THE PERSONNEL COMMISSION**

**LCB File No. R026-11**

Effective January 1, 2012

EXPLANATION – Matter in *italics* is new; matter in brackets [omitted material] is material to be omitted.

AUTHORITY: §§1-5, NRS 284.065, 284.155 and 284.384, as amended by section 1.7 of Assembly Bill No. 354, chapter 484, Statutes of Nevada 2011, at page 3066.

A REGULATION relating to the State Personnel System; revising provisions concerning the adjustment of grievances; and providing other matters properly relating thereto.

**Section 1.** Chapter 284 of NAC is hereby amended by adding thereto a new section to read as follows:

*1. If an employee is not satisfied with the decision rendered by the highest administrator of the department pursuant to NAC 284.690 and submits a request for consideration of the grievance by the Committee pursuant to NAC 284.695, the employee or the highest administrator or his or her designee may request a resolution conference to meet informally in the presence of a neutral facilitator to discuss the grievance and possible resolutions.*

*2. Except as otherwise provided in this subsection, a request for a resolution conference may be submitted to the Division at any time after the employee submits his or her request for consideration of the grievance by the Committee. If the Committee has notified the parties of the date on which it will hold a hearing to consider the grievance, the request for a resolution conference may not be submitted less than 15 working days before that date.*

PLAINTIFFS 11097

*3.   Upon receipt of a request for a resolution conference, the Division shall appoint a neutral facilitator to conduct the resolution conference. The facilitator must not be affiliated with either party.*

*4.   The submission of a request for a resolution conference does not deprive the Committee of jurisdiction to consider the grievance if:*

*(a)  The parties are unable to reach an agreement for the resolution of the grievance at the resolution conference; or*

*(b)  The parties reach an agreement for the resolution of the grievance at the resolution conference, but the employee subsequently notifies the Committee that the agreement has failed.*

**Sec. 2.**   NAC 284.658 is hereby amended to read as follows:

284.658   1.   As used in NAC 284.341 and 284.658 to 284.697, inclusive, *and section 1 of this regulation,* a "grievance" means an act, omission or occurrence which a permanent employee feels constitutes an injustice relating to any condition arising out of the relationship between an employer and an employee, including, but not limited to, compensation, working hours, working conditions, membership in an organization of employees or the interpretation of any law, regulation or disagreement or a contested report on performance. The act, omission or occurrence must be established with factual information including, but not limited to, the date, time and place of the act, omission or occurrence and the names of other persons involved.

2.   For the purposes of NAC 284.341 and 284.658 to 284.697, inclusive, *and section 1 of this regulation,* the term "grievance" does not include any grievance for which a hearing is provided by *federal law or* NRS 284.165, *284.245, 284.3629,* 284.376 or 284.390.

**Sec. 3.**   NAC 284.6955 is hereby amended to read as follows:

PLAINTIFFS 11098

284.6955   If a hearing is held to determine the proper disposition of a grievance pursuant to NAC 284.695, the following procedure must be followed:

1.   Each party shall submit to the Chairman of the Committee or his designated representative 10 copies of the set of documents and materials to be presented at the hearing or any rescheduled hearing. These copies must be submitted not less than 12 working days before the scheduled date of the hearing. The Chairman or his designated representative shall forward one copy of the set of the documents and materials of each party to the other party.

2.   If the employee fails to comply with subsection 1, the Chairman or his designated representative may reschedule the hearing to the next time designated for such hearings, but in no case earlier than 20 working days after the originally scheduled date of the hearing. If the employer fails to comply with subsection 1, the Chairman or his designated representative may reschedule the hearing at his discretion. If the employee fails to comply with the provisions of subsection 1 for a rescheduled hearing, his grievance must be dismissed with prejudice unless he can show in writing to the Committee's satisfaction that the reason for noncompliance was beyond his control.

3.   Each document or material offered in evidence must be marked as follows:

(a)  Documents or materials presented by the employee must be marked at the bottom of the page as "Exhibit____" indicated by consecutive arabic numerals, beginning with the number "1."

(b)  Documents or materials presented by the employer must be marked at the bottom of the page as "Exhibit____" indicated by consecutive letters of the English alphabet, beginning with the letter "A." If the employer offers more than 26 exhibits, the 27th exhibit must be marked as "Exhibit AA," the 28th exhibit as "Exhibit BB," and so forth.

4.   All evidence offered at the hearing must be relevant and bear upon the grievance.

PLAINTIFFS 11099

5.  Each person who [testifies] *provides a statement* at the hearing shall state his name, address, and occupation for the record. [before testifying.]

6.  It is the responsibility of each party to arrange for the appearance of all necessary witnesses. The Committee may request additional witnesses or information as it deems necessary.

7.  [The grievance must be heard in the following order:

(a) Opening statement for the employee.

(b) Opening statement for the employer.

(c) Presentation of employee's case, followed by cross-examination.

(d) Presentation of employer's case, followed by cross-examination.

(e) Closing statement for the employee.

(f) Closing statement for the employer.

8.] Upon proper recognition by the Chairman or his designated representative, any member of the Committee may ask a question of a party or witness at any time during the hearing.

Sec. 4.  NAC 284.696 is hereby amended to read as follows:

284.696  1.  An employee alleging unlawful discrimination based on any pertinent state or federal law or regulation may:

(a) Report the alleged discrimination to:

(1) The division of the Department of Personnel that investigates sexual harassment and discrimination;

(2) The Attorney General;

(3) The employee's appointing authority;

(4) An equal employment opportunity officer;

--4--
Adopted Regulation R026-11

PLAINTIFFS 11100

(5) A personnel representative of the department in which the employee is employed; or

(6) The office charged with enforcing affirmative action within the appropriate university, state college or community college which is part of the Nevada System of Higher Education;

(b) [Use] *Except as otherwise provided in NRS 284.384, use* the procedure for the adjustment of a grievance contained in NAC 284.658 to 284.6957, inclusive [.] *, and section 1 of this regulation;* or

(c) File a complaint with:

(1) The Nevada Equal Rights Commission pursuant to NRS 613.405; or

(2) The United States Equal Employment Opportunity Commission.

2.    The appointing authority of an employee who has alleged unlawful discrimination shall promptly notify the deputy attorney general or staff counsel assigned to represent the agency of the allegation and the actions which are being undertaken by the agency to address the allegation.

**Sec. 5.**   This regulation becomes effective on January 1, 2012.

PLAINTIFFS 11101

**LEGISLATIVE REVIEW OF ADOPTED REGULATIONS AS REQUIRED BY
NRS 233B.066
LCB File #R026-11**

The following statement is submitted for amendments to Nevada Administrative Code (NAC) 284.

1.  **A description of how public comment was solicited, a summary of public response, and an explanation how other interested persons may obtain a copy of the summary.**

    Copies of the proposed regulations, notices of workshop, and notices of intent to act upon a regulation were sent by email to persons who were known to have an interest in the subject of proposed personnel regulation changes, as well as any person who had specifically requested such notice. These documents were also made available on the Division of Human Resource Management website at http://dop.nv.gov/ (formerly The Department of Personnel,) mailed to all county libraries in Nevada and posted at the following locations:

    | | |
    |---|---|
    | Department of Administration | Grant Sawyer State Office Bldg. |
    | Division of | 555 E. Washington Blvd |
    | Human Resource Management | Suite 4401 |
    | Blasdel Building | Las Vegas, NV 89101 |
    | 209 E. Musser St | |
    | Carson City, NV 89701 | |
    | | |
    | Nevada State Library and Archives | Capitol Building |
    | 100 Stewart St | Main Floor |
    | Carson City, NV 89701 | Carson City, NV 89701 |
    | | |
    | Legislative Building | Gaming Control Board |
    | 401 S. Carson St | 1919 College Parkway |
    | Carson City, NV 89701 | Carson City, NV 89701 |

    Attached are excerpts from the minutes from the workshop and a summary of the Personnel Commission comments that apply to these regulations.

    A Regulation Workshop was conducted by the Department of Personnel on June 2, 2011 and a public hearing was held by the Nevada Personnel Commission on December 9, 2011.

2.  **The number of persons who:**
    (a) **Attended each hearing:**  June 2, 2011 – 42;   December 9, 2011 – 45
    (b) **Testified at each hearing:** June 2, 2011 – 15;   December 9, 2011 – 7
    (c) **Submitted written comments:** 2

3.  **A description of how comment was solicited from businesses, a summary of their response, and an explanation how other interested persons may obtain a copy of the summary.**

PLAINTIFFS 11102

Comments were not solicited, as the regulations do not affect businesses.

4.   **If the regulation was adopted without changing any part of the proposed regulation, a summary of the reasons for adopting the regulation without change.**

Under public comment, agency representatives stated that they did not see the need for the resolution conference or the use of a neutral facilitator.   However, Assembly Bill 354 requires that the regulations provide for a resolution conference.   Representatives from the employee associations stated that the use of a resolution conference would give the agency and the employee one more opportunity to resolve the issue before the case went to the EMC.   Both agency and employee association representatives discussed the possibility of using mediation in place of a resolution conference.   Although the State already offers a mediation process, both sides have to agree to hold the mediation.   A resolution conference would be held if either side requested it, so calling it mediation would be inaccurate.   There was also discussion regarding at what step the resolution conference should be held. Representatives of the employee associations felt strongly that it needed to follow the third step, so that the top decision maker at the agency would be involved.

Several agencies requested that notification of a failed resolution conference agreement require a time frame to avoid, over time, details of the incident becoming vague and the loss of involved personnel.

Section 3 and 5 were removed from the proposed regulation by the Division of Human Resource Management to allow more time for discussion and consensus building between the participating parties that these processes would affect.

Removing sections 3 and 5, the regulation was adopted as written.

5.   **The estimated economic effect of the regulation on the business which it is to regulate and on the public.  These must be stated separately, and each case must include:**

(a)  Both adverse and beneficial effects; and
(b)  Both immediate and long-term effects.

These regulations do not have a direct economic effect on either a regulated business or the public.

6.   **The estimated cost to the agency for enforcement of the adopted regulation:**

There is no additional cost to the agency for enforcement of these regulations. A division's staff member, a Subject Matter Expert, a trained mediator or a Personnel Officer from a state agency other than the employee's own agency could be used as a neutral facilitator.

7.   **A description of any regulations of other State or governmental agencies which the regulation overlaps or duplicates and a statement explaining why the duplication or**

PLAINTIFFS 11103

overlap is necessary.  If the regulation overlaps or duplicates a federal regulation, the name of the regulating federal agency.

There are no other state or government agency regulations that the proposed amendments duplicate.

8.  If the regulation includes provisions that are more stringent than a federal regulation that regulates the same activity, a summary of such provisions.

These regulations do not include any provisions that are more stringent than any federal regulation.

9.  If the regulation provides a new fee or increases an existing fee, the total annual amount the agency expects to collect and the manner in which the money will be used.

No fees are associated with these regulations.

10.  Is the proposed regulation likely to impose a direct and significant economic burden upon a small business or directly restrict the formation, operation or expansion of a small business?  What methods did the agency use in determining the impact of the regulation on a small business?

These regulations are specific to State government agencies and has no impact on small businesses.

PLAINTIFFS 11104

May 7, 2013

Hi Nancy,

This is the letter I sent the Division of Labor.  I CC'd to Tom and Casey, but I think that if you have it, this will suffice.

Thanks for your help with this, and we'll see what happens!?!

Jim

PLAINTIFFS 11105

May 7, 2013


U.S. Department of Labor
Wage and Hour Division
**Las Vegas District Office**
600 Las Vegas Blvd. S., Suite 750
Las Vegas, NV 89101-6654

RE: WAGE VIOLATIONS BY THE NEVADA DEPARTMENT OF CORRECTIONS

To whom it may concern,

I would like to file a complaint against the Nevada Department of Corrections (NDOC) for violating Wage and Hour provisions of the Fair Labor Standards Act.

The NDOC has been in violation of the FLSA for years in that they have been paying Correctional Officers only for scheduled time, and not for the time that we arrive for work. In my own personal circumstance, I arrive for work and must perform activities which are undisputed work activities such as clearing a metal scanner, receive a work assignment, give/receive a briefing, deliver materials to the unit, etc. I am also required to walk across a prison yard in full uniform as an on duty peace officer. If there were to be an incident while doing this, I would assuredly be expected to respond, lest I be derelict in my duties; which would subject me to severe disciplinary action for Insubordination, conduct unbecoming, etc.

I have attempted to resolve this matter through the State's internal grievance process to no avail. I have submitted fact sheet #'s 22 and 23 which clearly describe the "permit or suffer to work" rule which I believe clearly applies. I have attached all documents from this process for your review.

The following is the requested information for your investigation:

**My information:**          James A. Kelly III
                             135 River Village Cr.
                             Dayton, NV 89403
                             H: (775) 246-7390
                             C: (775) 338-0533
                             Best time to call is in the morning

**Company Information**      Nevada Department of Corrections
                             Casa Grande Transitional Housing
                             3955 W. Russell Road
                             Las Vegas, NV 89118-2316
                             PHONE: (702) 486-9906
                             Director James "Greg" Cox

                             I am an hourly Correctional Officer (peace officer)
                             currently assigned to a correctional unit. I am working a
                             variable schedule which consists of 80 hour every 2 weeks,
                             and I am paid every other Friday.

Please don't hesitate to contact me if there is anything that I may do to expedite this
investigation.

Sincerely,

James A. Kelly

Cc:     Casey Gillham, Esq.
        Tom Donaldson, Esq.
        Nancy Schreihans, Case Manager, NCA
        Gene Columbus, President, NCA

May 20 13 04:50p                                                                              p.1



U.S. Department of Labor
Wage & Hour Division
600 Las Vegas Blvd. S., #550
Las Vegas, NV  89101-5833
Tel. (702) 928-1240
Fax: (702) 928-1241

Friday, May 17, 2013

James Kelly III
135 River Village Cr
Dayton, NV 89403

Subject: Nevada Department of Corrections

Dear Mr. Kelly III:

You recently contacted the Wage and Hour Division (WHD) with a complaint that the above-named employer failed
to pay proper overtime under the Fair Labor Standards Act (FLSA). The FLSA requires covered employers to
comply with all provisions of the Act. After careful consideration of the information you provided, the WHD is
declining to pursue your complaint.

The WHD fosters and promotes the welfare of wage earners by improving their working conditions to support the
Department's goal of good jobs for everyone. In carrying out this mission, the Division administers and enforces a
variety of Federal labor laws including those that guarantee workers' rights to safe and healthful working conditions;
a minimum hourly wage and overtime pay; and a balanced family work life. The WHD receives more than 30,000
complaints each year and its resources do not permit it to investigate all of the complaints it receives. As a result the
WHD must decline to investigate certain complaints and advise complainants of other resources that may be
available to them to resolve their claims.

Although your complaint is important to us, after careful consideration of our mission, priorities and resources, we
are declining to take further action on your behalf. This does not affect your legal right to bring a private action in
federal or state court against your employer under the FLSA to recover unpaid wages and an equal amount in
liquidated damages, plus attorney's fees and court costs. The Department of Labor does not encourage or discourage
such suits. The decision is entirely up to you.

Please keep in mind that recovery of unpaid back wages under the FLSA is subject to a two-year statute of
limitations, unless the employer's actions are willful, which extends the statute of limitations an additional year.
Generally, this means that back wages or other remedies for violations that occurred more than two years before a
lawsuit is filed may not be recoverable.

You may also wish to contact Nevada State Labor Commission at 702-486-2650. That agency may be able to assist
you with your complaint.

Please feel free to contact this office at 702-928-1240 if you have any questions regarding this letter.

Sincerely

Gaspar Montanez
District Director

Enclosure: HRG

MICHAEL W. DYER
SANDRA G. LAWRENCE*
FRANCIS C. FLAHERTY
THOMAS J. DONALDSON
JESSICA C. PRUNTY

SUE S. MATUSKA*
CASEY A. GILLHAM

*ALSO ADMITTED IN CALIFORNIA

*OF COUNSEL*
HON. MICHAEL E. FONDI*

July 31, 2013

*Sent via U.S. Mail and facsimile to (775) 684-0118*

Mark Evans, Chair
Employee-Management Committee
100 N. Stewart Street, Suite 200
Carson City, NV 89701

        Re:    Appeal of James Kelly Grievance #2474;
               Decision 21-13 and Denial of Request for Reconsideration

Dear Mr. Evans:

        I am writing in regards to the above-referenced grievance to again request the Employee-Management Committee (EMC) grant a hearing and consider the above-referenced grievance.

        According to your letter dated April 12, 2013, you denied our request for reconsideration stating that federal law provides for a hearing. As you can see from the enclosed letter from the U.S. Department of Labor (DOL) dated May 17, 2013, that is not the case. The DOL declined to pursue Sr. Officer Kelly's complaint based upon the volume of complaints they receive each year, in excess of 30,000, and DOL's resources not permitting their investigation all of the complaints it receives.

        Again, it is our position that the EMC clearly has the authority to award back pay for the inappropriate denial of overtime. Therefore, before Sr. Officer Kelly explores his legal rights to bring action in federal or state court, I hereby respectfully requests that the EMC reconsider their position and grant Sr. Officer Kelly due process by way of a hearing before the EMC in order to exhaust his administrative remedies.

        Thank you for your anticipated attention to this matter. Please contact me if you have any questions.

                        Sincerely yours,

                        DYER, LAWRENCE, FLAHERTY,
                        DONALDSON & PRUNTY

                        Casey A. Gillham

Enclosure
cc (w/encl.):    Sr. Officer James Kelly
                 Greg Cox, NDOC Director
                 Anne McDermott, Chief DAG

F:\cases\cases13\13091\13073 1 evans.recon.ltr.wpd

PLAINTIFFS 11113

Brian Sandoval
*Governor*



Mark Evans
*Chair*

Stephanie Canter
*Co-Vice-Chair*

Mandy Payette
*Co-Vice-Chair*

## STATE OF NEVADA
## EMPLOYEE-MANAGEMENT COMMITTEE

Carrie L. Parker
*Deputy Attorney General*

100 N. Stewart Street, Suite 200 │ Carson City, Nevada 89701
Phone: (775) 684-0135 │ www.hr.nv.gov │ Fax: (775) 684-0118

August 8, 2013

**Via U.S. mail**

Casey A. Gillham, Esq.
2805 Mountain Street
Carson City, Nevada 89703

*Re: Grievance #2474 – Second Request for Reconsideration*

Dear Mr. Gillham:

This correspondence is in response to your July 31, 2013 letter requesting, for the second time, reconsideration of the grievance of James Kelly by the Employee-Management Committee ("EMC").

The EMC previously denied a request for reconsideration on or about April 12, 2013. Pursuant to NRS 233B.130(4), a petition for reconsideration must be filed within 15 days after the date of service of the final decision. Assuming *arguendo* that NRS Chapter 233B allows for a petition for reconsideration of a denial of a petition for reconsideration, your letter is untimely.

Additionally, as explained in the March 25, 2013 Decision 21-13 and the April 12, 2013 denial of request for reconsideration, the EMC lacks jurisdiction to adjust Mr. Kelly's grievance. NAC 284.658(2) excludes from EMC jurisdiction "any grievance for which a hearing is provided by federal law." The federal Fair Labor Standards Act ("FLSA") provides for a complaint and hearing process. The May 17, 2013 Department of Labor ("DOL") letter you provided explained that its decision to decline to investigate Mr. Kelly's complaint does not affect his legal right to bring a private action in court under the FLSA. The EMC cannot control whether the DOL chooses to pursue a complaint, and the DOL's decision not to investigate Mr. Kelly's complaint has no bearing on the application of NAC 284.658(2).

PLAINTIFFS 11109

Page 2 of 2
James Kelly
August 8, 2013

Accordingly, the EMC must deny your second request for reconsideration.

Sincerely,

Mark Evans, Chair
Employee-Management Committee

cc:     Greg Cox, Director, NDOC
        E.K. McDaniel, Deputy Director, NDOC
        Isidro Baca, Warden, NNCC
        Sharlet Gabriel, HR Administrator
        Susie Bargmann, HR Manager, NDOC
        Brian Boughter, HR Manager, NDOC
        Ann McDermott, Chief Deputy Attorney General
        Celina Lopez, Attorney General's Office
        Carrie Parker, EMC Counsel, Deputy Attorney General
        EMC File

PLAINTIFFS 11110