# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| DONALD WALDEN JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEVADA, *ex rel.* NEVADA DEPARTMETN OF CORRECTIONS, and DOES 1-50,<br><br>Defendants. | Case No. 3:14-cv-00320-MMD-WGC<br><br>ORDER |

## I. SUMMARY

Pending before the Court are five dispositive motions: (1) Plaintiffs' Motion for Partial Summary Judgment ("MPSJ ") (ECF No. 130); (2) Plaintiffs' Motion for Class Certification ("Motion to Certify") (ECF No. 133); (3) Defendant's Motion to Decertify Collective Action ("Motion to Decertify") (ECF No. 134); (4) Plaintiffs' Motion for Reconsideration of the Court's March 26, 2018 Order with Respect to the NRS § 284.180 Overtime Claim Pursuant to FRCP 59(e) and 60(b) ("Motion to Reconsider") (ECF No. 169); and (5) Defendant's Emergency Motion to Strike Plaintiffs' Voluntary Dismissal ("Motion to Strike") (ECF Nos. 136, 137 (sealed)[1]). The parties filed various responses and replies relating to these motions. (ECF Nos. 143, 144-46 (sealed), 150, 155, 156, 157 (sealed), 163, 170 (sealed), 171, 173, 174, 179, 184.)

---

[1] The Motion to Strike (ECF No. 136) should not have been filed a second time under seal (ECF No. 137). Instead, Defendant should have filed the three exhibits it wished to have sealed under seal in an individual docket entry and then filed the motion to seal as another separate docket entry.

For the reasons discussed herein, the Motion to Reconsider is denied, the unsealed version of the Motion to Strike is granted, the sealed version of the Motion to Strike will be stricken, and the MPSJ, Motion to Certify and Motion to Decertify are denied without prejudice.

Defendant has also filed five motions to seal (ECF Nos. 135, 138, 142, 159, 172), which the Court denies without prejudice.

## II. BACKGROUND

Plaintiffs are employees or former employees of the Nevada Department of Corrections ("NDOC") who contend that NDOC failed to compensate them for time worked as well as for overtime pay. The underlying procedural history and facts of this case can be found in the Court's prior order. (ECF No. 166 at 2-5.)

## III. MOTION TO RECONSIDER

On March 26, 2018, this Court issued an order (ECF No. 166) resolving in part Defendant's Motion to Dismiss Plaintiffs' First Amended Collective and Class Action Complaint ("Prior MTD"). Relevant here is the Court's ruling on Plaintiffs' claim under NRS § 284.180, in which this Court held that the claim was not ripe for judicial review because state administrative procedures had not been exhausted pursuant to state law. (ECF No. 166 at 16.) Plaintiffs now seek reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (*See* ECF No. 169 at 1-3.)

### A. Legal Standard

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could

reasonably have been raised earlier in the litigation." *Marylyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

### B. Discussion

Plaintiffs argue that this Court should reconsider its prior decision because the requirement to exhaust administrative remedies under NRS § 284.180 is futile and the administrative process provided for by that statute is inadequate. In support of this argument, Plaintiffs attach a declaration of opt-in Plaintiff James Kelly in which he describes his attempt to exhaust the administrative process available under state law. (ECF No. 169-1.) Defendant counters that this evidence was available to Plaintiffs in 2013, yet Plaintiffs failed to raise this argument or introduce the evidence in the Plaintiffs' opposition to the Prior MTD. (*See* ECF No. 179 at 8-9.) Plaintiffs dispute that Kelly's grievances are not new evidence by pointing out that they have opposed Defendant's separate motion to strike those grievances and by stating that Kelly is representative of the class despite being an opt-in plaintiff (Kelly became a party plaintiff on August 8. 2014). (ECF No. 184 at 3 n.2.) Neither response directly addresses Plaintiffs' failure to present this evidence in their opposition to the Prior MTD or their failure to argue that the administrative process under NRS § 284.180 is futile or inadequate as a matter of law. These issues could have reasonably been raised in Plaintiffs' opposition to the Prior MTD. The Court therefore denies Plaintiffs' Motion to Reconsider. *See Marylyn Nutraceuticals*, 571 F.3d at 880.

### IV. MOTION TO STRIKE

Defendant filed an emergency motion to strike Plaintiffs' notice of voluntary dismissal on February 20, 2018 ("the Notice").[2] The Notice, filed on January 29, 2018, asserts that pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) Plaintiffs were "voluntarily dismiss[ing] the federal Fair Labor Standards Act ("FLSA") claims on behalf of the opt-in Plaintiffs who only worked at the NDOC conservation camps and transitional

---

[2]The Court issued a minute order on February 21, 2018, indicating that it would not consider the Motion to Strike on an emergency basis. (ECF No. 139.)

housing facilities." (ECF No. 129 at 1.) The deadline to file motions to certify the class pursuant to Rule 23 or to decertify the FLSA collective action was two days before on January 31, 2018.

Defendant argues that: (1) the Notice was improper and should be stricken because the parties agreed with the Court's prior order that dismissal of these plaintiffs must occur only by motion; and (2) under Rule 41, a plaintiff's ability to voluntarily dismiss a party is not absolute where an answer has been filed. (ECF No. 136 at 2.) The Court finds that the plain language and purpose of Rule 41 required that Plaintiffs seek leave of court to file the Notice because an answer had already been filed in this action.

Under Rule 41, voluntary dismissal of an action without prejudice at any time before service by the adverse party of an answer or motion for summary judgment and "is designed to permit a disengagement of the parties at the behest of the plaintiff in the early stages of a suit, before defendant has expended time and effort in the preparation of his case." *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (quoting *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971)) (internal quotation marks and alterations omitted). The Ninth Circuit has yet to address a situation like this one, where a plaintiff files a notice of voluntary dismissal of a portion of an amended complaint, the defendant has filed an answer to the original complaint, but the defendant has not filed an answer to the amended complaint. However, the District of Hawaii addressed this issue, finding that the rule is unequivocal that once a defendant serves *an* answer, leave of court is required for the plaintiff to file a notice of voluntary dismissal. *Aana v. Pioneer Hi-Bred Intern., Inc.*, Nos. 12-00231 LEK-BMK & 12-00665 LEK-BMK, 2014 WL 819158, at *3 (D. Haw. Feb. 28, 2014) ("The purpose of Rule 41(a)(1)(A)(i), however, is to allow a plaintiff to voluntarily withdraw his case before the defendant expends significant time and resources on the *case*, not just on the version of the plaintiff's complaint currently before the district court.") (emphasis in original). The Court agrees.

///

///

1 | The Motion to Strike is therefore granted. Plaintiffs' notice of voluntary dismissal will be stricken. Plaintiffs are given leave to file a motion seeking voluntary dismissal if they so choose.

## V. MPSJ, MOTION TO CERTIFY, AND MOTION TO DECERTIFY

Plaintiffs' MPSJ and Motion to Certify are premised on their voluntary dismissal of certain opt-in plaintiffs while Defendant's Motion to Decertify is based on the conditional group approved for collective action under FLSA. Because the Court has ordered that the notice of voluntary dismissal be stricken, these motions are denied without prejudice.

## VI. MOTIONS TO SEAL

Defendant filed five motions to seal: (1) motion to file under seal specific exhibits attached to its Motion to Decertify ("First Motion to Seal") (ECF No. 135); (2) motion to file under seal specific exhibits attached to its Motion to Strike ("Second Motion to Seal") (ECF No. 138[3]); (3) motion to file under seal certain exhibits attached to Defendant's opposition to Plaintiffs' MPSJ ("Third Motion to Seal") (ECF No. 142); (4) motion to file under seal certain exhibits attached to Defendant's opposition to Plaintiffs' Motion to Certify ("Fourth Motion to Seal") (ECF No. 159); and (5) motion to file under seal certain exhibits attached to Defendnat's reply in support of its Motion to Decertify ("Fifth Motion to Seal") (ECF No. 172). The Court denies all five motions without prejudice based on Defendant's failure to comply with Local Rule IA 10-5.[4]

///

---

[3] The actual sealed documents should not have been filed with the motion and remaining documents for which Defendant is not seeking to seal (ECF No. 137); rather, the three documents Defendant wished to file under seal should have been filed under seal in one docket entry with the relevant motion to seal filed in a separate docket entry.

[4] Defendant also fails to cite to the correct standards for sealing and explain how the documents it seeks to seal comply with such standards. *See Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (stating that there is a strong presumption in favor of access to court records and that a party seeking to seal such records bears the burden of overcoming this presumption with compelling reasons); *see also Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-1102 (9th Cir. 2016) (clarifying when the compelling reasons standard applies to motions to seal).

1    In Defendant's First Motion to Seal, it seeks to have certain exhibits that are attached to its Motion to Decertify filed under seal. (ECF No. 135 at 3-6.) However, Defendant did not actually submit these documents under seal, so the Court is unable to make a determination about them. The First Motion to Seal is therefore denied without prejudice and with leave to refile the motion so long as Defendant also files the exhibits under seal.

Defendant makes the same error in moving to file certain exhibits under seal in the Second, Third, Fourth and Fifth Motions to Seal—Defendant files the primary document under seal when it seeks to have only certain exhibits filed under seal. Similarly, Defendant did not file an affidavit indicating that it served the sealed documents on Plaintiff. LR 10-5(c). The Court therefore denies these three motions to seal without prejudice and permits Defendant leave to refile the motions as well as the exhibits it wishes to be filed under seal independently of the primary document.

In turn, the Court will strike the following docket entries in their entirety: ECF Nos. 137, 144, 145, 146, 161, 170.

## VII.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Plaintiffs' Motion for Reconsideration (ECF No. 169) is denied.

It is further ordered that Defendant's Emergency Motion to Strike (ECF No. 136) is granted. The Clerk is instructed to strike the notice of voluntary dismissal (ECF No. 129). Plaintiffs are given leave to file a motion seeking voluntary dismissal and must file said motion within ten (10) days of this order.

It is further ordered that Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs' Motion to Certify, and Defendant's Motion to Decertify (ECF Nos. 130, 133, 134) are

1 denied without prejudice. If the Court grants Plaintiffs' anticipated motion for voluntary
2 dismissal, the parties will have forty-five (45) days from the date that order is issued to
3 file renewed motions to certify and decertify the class. The parties will then have forty-
4 five (45) days from the Court's order resolving the motions to certify or decertify the class
5 to file any dispositive motions. (*See* ECF No. 121 (minute order from Judge Cobb
6 indicating that the dispositive motions deadline is "deferred until 45 days after decision on
7 the Motion for Class Certification/Motion to Decertify").) If Plaintiffs do not file a motion
8 for voluntary dismissal, the parties are permitted to file renewed motions to certify and
9 decertify based on the conditional class. Those motions must be filed within forty-five (45)
10 days of this order, and the normal briefing schedule will then follow. In this scenario, the
11 parties will also have forty-five (45) days from the Court's order resolving the motions to
12 certify or decertify to file any dispositive motions.

It is further ordered that Defendant's motions to seal (ECF Nos. 135, 138, 142, 159, 172) are denied without prejudice and with leave to refile. While the Court did not consider the sealed exhibits (ECF Nos. 137-2, 137-3, 137-4) when ruling on the Motion to Strike, Defendant must file those exhibits under seal in an independent docket entry (without also filing the motion itself under seal), file a separate motion to seal explaining why those exhibits should be filed under seal, and indicate by way of affidavit that it has served the sealed exhibits on Plaintiffs. If Defendant chooses to refile the other motions, it must file under seal a separate docket entry with the documents it wishes to be sealed WITHOUT the primary document included and filed under seal, and it must otherwise comply with LR IA 10-5.

The Clerk is instructed to strike ECF Nos. 137, 144, 145, 146, 161, 170.

DATED THIS 18th day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE