UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NATHAN ECHEVERRIA, *et al.*,

Plaintiffs,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:14-cv-00320-MMD-WGC

ORDER

## I. SUMMARY

Plaintiffs, who are guards and other employees at correctional facilities, sued the State of Nevada, *ex rel.* the Nevada Department of Corrections ("NDOC") in this collective action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") to recover compensation for time spent allegedly preparing for, or wrapping up, their work shifts. (ECF No. 95.) Before the Court is Plaintiffs' motion to voluntarily dismiss certain opt-in Plaintiffs who only worked at NDOC conservation camps and transitional housing facilities, along with any claims based on time worked at those locations, under Fed. R. Civ. P. 41(a)(2) ("Motion").[1] (ECF No. 251.) As further explained below, because the Court should grant a motion for voluntary dismissal unless a defendant can show it will suffer some legal prejudice from the dismissal, and NDOC has not made a sufficient showing of legal prejudice, the Court will grant the Motion.

## II. BACKGROUND

The Court again refers to one of its prior orders in which it recited the factual background of this case, and does not recite those facts here. (ECF No. 166 at 2-5.)

---

[1] NDOC responded in opposition to the Motion (ECF No. 255 ("Response")), and Plaintiffs replied (ECF No. 261).

As relevant to Plaintiffs' Motion, Plaintiffs propose dividing NDOC facilities into two groups. (ECF No. 251 at 2.) The "Dismissal Facilities" consist of NDOC conservation camps and transitional housing facilities.[2] (*Id.*) The "Remaining Facilities" consist of NDOC prisons.[3] (*Id.*) The Court adopts this naming scheme for ease of reference.

Plaintiffs seek to dismiss all of the Dismissal Facilities and the five opt-in Plaintiffs who only worked there from this collective action—without prejudice. (*Id.* at 1-3.) Plaintiffs explain that they realized NDOC employees at the Dismissal Facilities were not required to do the "same pre- and post-shift off the clock reporting for duty and receiving of assignments as the employees assigned to the regular prisons" following site visits to some of the facilities. (*Id.* at 3.) Specifically, Plaintiffs' counsel realized at these site visits that the Dismissal Facilities have a different layout than the Remaining Facilities. (*Id.* at 9.) "This difference led to the conclusion that it would be unwise for Plaintiffs to spend court time and resources litigating the pre-shift off the clock issues at" the Dismissal Facilities, "when this group added so little to the amount of damages due to employees and when collective facts were different from the" Remaining Facilities. (*Id.*)

This is the third time Plaintiffs have filed some version of the Motion. (ECF Nos. 129, 198, 251.) Plaintiffs first filed the Motion not as a motion, but as a notice. (ECF No. 129.) As that was procedurally improper, the Court granted (ECF No. 192) NDOC's motion to strike the notice (ECF No. 136). Plaintiffs then filed a motion. (ECF No. 198.) The Court denied this motion the second time when it stayed the case pending the outcome of NDOC's appeal, without prejudice to refiling once the Ninth Circuit resolved

---

[2]They are the: "(1) Carlin Conservation Camps; (2) Ely Conservation Camp; (3) Humboldt Conservation Camp; (4) Jean Conservation Camp; (5) Pioche Conservation Camp; (6) Silver Springs Conservation Camp; (7) Stewart Conservation Camp; (8) Three Lakes Valley Boot Camp; (9) Three Lakes Valley Conservation Camp; (10) Tonopah Conservation Camp; (11) Wells Conservation Camp; (12) Casa Grande Transitional Housing; and (13) Northern Nevada Transitional Housing." (ECF No. 251 at 2.)

[3]They are the: "(1) Ely State Prison, (2) Florence McClure Women's Correctional Center, (3) High Desert State Prison, (4) Lovelock Correctional Center, (5) Northern Nevada Correctional Center, (6) Southern Desert Correctional Center, and (7) Warms Springs Correction Center." (ECF No. 251 at 2.)

the appeal. (ECF No. 215.) This case was stayed for some time during that appeal. (ECF Nos. 215 (staying the case), 243 (lifting the stay).) Plaintiffs then filed the Motion after the Court lifted the stay. (ECF No. 251.) Thus, while the site visits occurred in the fall of 2017 (*Id.* at 5), the Motion is now before the Court to consider on its merits for the first time.

### III. LEGAL STANDARD

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote and citation omitted); *see also Watson v. Clark*, 716 F. Supp. 1354, 1355 (D. Nev. 1989), *aff'd*, 909 F.2d 1490 (9th Cir. 1990) (citation omitted). ("Generally, motions filed under Fed. R. Civ. P. 41(a)(2) should be liberally granted, as long as no other party is prejudiced."). Whether to grant a Rule 41(a)(2) motion is committed to the district court's discretion.[4] *See Watson*, 716 F. Supp. at 1355. While the Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal, plain legal prejudice does not result simply when the plaintiff "merely gains some tactical advantage." *Id.* (citation omitted). "Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Id.* at 1355-56 (citation omitted). Said otherwise, "legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

### IV. DISCUSSION

The Court will grant the Motion primarily because NDOC has not shown plain legal prejudice in its Response—instead, NDOC argues prejudice divisible into categories the Ninth Circuit has found not to constitute legal prejudice. For example,

---

[4]Further, the Court conducts all of its analyses under the Federal Rules of Civil Procedure in line with the mandate in Rule 1 providing that "[t]hey should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

3

1  NDOC argues that Plaintiffs' Motion "reflects an intentional strategy decision intended to obstruct NDOC's defense of this litigation." (ECF No. 255 at 13 (emphasis omitted).) But any tactical advantage Plaintiffs may gain in being permitted to voluntarily dismiss certain claims and plaintiffs does not legally prejudice NDOC. *See, e.g.*, *Watson*, 716 F. Supp. at 1355 (stating in the Rule 41 context that legal prejudice does not result simply when the plaintiff "merely gains some tactical advantage.") NDOC also argues that Plaintiffs have been dilatory in bringing their Motion. (ECF No. 255 at 11-13.) The Court disagrees. Especially given the lengthy stay the Court granted at NDOC's request, the Court finds that Plaintiffs "could have sought dismissal sooner than they did, but they were not dilatory." *Westlands*, 100 F.3d at 97. In addition, NDOC argues that they have incurred expenses defending this suit based on the understanding that the Dismissal Facilities were part of it. (ECF No. 255 at 13-15.) But the Ninth Circuit has "explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands*, 100 F.3d at 97 (citation omitted).

Much of NDOC's argument in its Response is devoted to the problem created by what it calls "hybrid claims," or claims brought by people who worked at both the Dismissal Facilities and the Remaining Facilities. (ECF No. 255 at 10-11, 16-17.) However, the Court finds Plaintiffs' explanation in their reply persuasive—that "Plaintiffs' Motion simply narrows the universe of time upon which a damages calculation will be made based on the location the work was performed, *i.e.* at one of the prison facilities where the evidence clearly shows the pre- and post-shift reporting for duty and receiving of assignments was the same." (ECF No. 261 at 6.) The Court construes this as a concession on Plaintiffs' part that they will only seek recovery for time spent working at Remaining Facilities. (*Id.* ("Any damage calculation will be based on how long the correctional officer worked at one or more of the seven (7) prison facilities within the class/limitations period.").) So construed, there is no such thing as a "hybrid claim." Thus, the Court finds NDOC's "hybrid claim" argument unpersuasive. (ECF No. 255 at 10-11, 16-17.)

4

1   The Court is conversely persuaded by Plaintiffs' basic argument that dropping the Dismissal Facilities—along with any claims based thereon, and plaintiffs who only worked at those facilities—will narrow the range of issues for trial. (ECF No. 251 at 9.) This argument lines up with Rule 1's mandate to secure a just and speedy resolution to this matter. Moreover, while this case has been pending for some six years, it is now inching towards dispositive motion practice and trial. Thus, this is a good time to simplify this case. In sum, the Court will grant the Motion both because doing so will streamline the issues for trial, and because NDOC has not persuaded the Court it will suffer any plain legal prejudice—as opposed to prejudice in the more general sense—if the Court grants the Motion.

But that still leaves one additional matter for resolution. NDOC asked the Court to condition voluntary dismissal on payment of NDOC's attorneys' fees and costs in the event it were to grant the Motion. (ECF No. 255 at 14, 19.) However, "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory[.]" *Westlands*, 100 F.3d at 97 (citation omitted). Moreover, Rule 41(a)(2) does not provide the Court with an independent base of authority for sanctioning lawyers. *See Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993). NDOC has not filed a Rule 11 motion, much less appealed to the Court's inherent or statutory powers allowing it to impose sanctions, or presented any evidence in its Response convincing the Court that Plaintiffs acted in bad faith in filing their Motion. (ECF No. 255.) Moreover, the Court is unpersuaded NDOC has spent time and money on discovery regarding the Dismissal Facilities that cannot be used as this case moves forward. *See Westlands*, 100 F.3d at 97 ("[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which

1 | cannot be used in any future litigation of these claims."). The Court therefore declines to
2 | condition this voluntary dismissal on Plaintiffs' paying NDOC's attorneys' fees.[5]

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiffs' motion for voluntary dismissal (ECF No. 251) is granted.

It is further ordered that any and all claims based on work performed at the Dismissal Facilities (as defined *supra* at 2 n.1), along with any Plaintiffs who only worked at the Dismissal Facilities, are dismissed from this action without prejudice.

DATED THIS 1st day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[5]Somewhat similarly, Plaintiffs offered to make their expert Mr. Steiner available to NDOC for further deposition—limited in time and scope to supplements he made to an expert report assuming that the Court would dismiss the Dismissal Facilities—in the event the Court denied the Motion. (ECF No. 261 at 4-5.) As explained *supra*, the Court will grant the Motion. Nonetheless, as Plaintiffs have offered to make him available, NDOC may depose Mr. Steiner again—provided that deposition is limited in scope to the supplements he made to his initial report. Discovery remains closed in this case in all other respects.