1   **SHERI THOME, ESQ.**
Nevada Bar No. 8657
2   **JAMES T. TUCKER, ESQ.**
Nevada Bar No. 12507
3   **CARA T. LAURSEN, Esq.**
Nevada Bar No. 14563
4   **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 South Fourth Street, Eleventh Floor
5   Las Vegas, Nevada 89101
Tel: 702.727.1400/Fax: 702.727.1401
6   Sheri.Thome@wilsonelser.com
James.Tucker@wilsonelser.com
7   CaraT.Laursen@wilsonelser.com

8   *Attorneys for Defendant The State of Nevada, ex rel.*
*its Department of Corrections*

9

### UNITED STATES DISTRICT COURT

10

### DISTRICT OF NEVADA

11

12   DONALD WALDEN, JR., et al., etc.,        CASE NO:   3:14-cv-00320-MMD-WGC

13            Plaintiffs,                     **DEFENDANT STATE OF NEVADA *EX***
***REL*. DEPARTMENT OF CORRECTIONS'**
14        v.                                 **MOTION FOR SUMMARY JUDGMENT**
**ON STATUTE OF LIMITATIONS**
15   THE STATE OF NEVADA, EX REL. NEVADA
DEPARTMENT OF CORRECTIONS, and
16   DOES 1-50,

17            Defendants.

18        Defendant The State of Nevada, *ex rel.* Nevada Department of Corrections ("NDOC"), by

19   and through undersigned counsel, moves for summary judgment as to those opt-in Plaintiffs barred

20   by the statute of limitations for claims alleged under the Fair Labor Standards Act ("FLSA").  At

21   least some of the Plaintiffs who have opted to join in this litigation did so by filing their consent to

22   join after the expiration of the applicable statutes of limitation for claims made under the FLSA thus,

23   barring them, either in part or in total, from the present action.  For these reasons, NDOC's Motion

24   for Summary Judgment be granted.

25   . . .

26   . . .

27   . . .

28   . . .

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

Plaintiffs are current and former Correctional Officers employed by Nevada through NDOC. Their FLSA claims seek payment out of the State's treasury, including allegedly unpaid wages, allegedly unpaid overtime, liquidated damages, interest, and attorneys' fees and costs.  [*See* ECF No. 1, Compl.; ECF No. 95, First Am. Compl. ("FAC")].

NDOC brings this present Motion seeking summary judgment and dismissal from this action for those opt-in Plaintiffs identified herein who failed to file a consent to join in the present lawsuit within the applicable statute of limitations time period as set forth pursuant to 29 U.S.C. § 255(a).

Since the inception of this matter, the Court issued an Order holding that the statute of limitations only was to be "tolled for the time that has elapsed while the present motion has been pending before the court," namely between August 6, 2014 and March 16, 2015.  The parties subsequently stipulated to toll the limitations period from April 28, 2015 until October 16, 2015 for the 131 opt-in Plaintiffs who worked for the Northern Nevada Correctional Center ("NNCC") and did not receive the original notice.  [ECF No. 75].  No other tolling periods apply.

Even with these two tolling periods, the undisputed facts shall demonstrate some of the Plaintiffs identified are time-barred from asserting claims under the FLSA against NDOC, either in whole or in part, because they unequivocally failed to join the suit within the prescribed applicable statutory time period.

### II.   Factual and Procedural History

On May 12, 2014, Plaintiffs brought this claim as a collective action against NDOC in Nevada's First Judicial District Court alleging claims for unpaid wages on behalf of Plaintiffs and similarly situated individuals.  [ECF No.1, Compl. at 7-21].  The captions of Plaintiffs' Complaint and First Amended Complaint are styled as a "Collective And Class Action Complaint."  [ECF No. 1, Compl.; ECF No. 95].  In each pleading, Plaintiffs allege claims for violation under 29 U.S.C. § 201, *et seq*. for alleged failure to pay wages and alleged failure to pay overtime compensation.  [ECF No. 95, FAC, at 27-30].  The case was removed to this Court on June 17, 2014. [ECF No. 1].

1584589v.5

1    On August 6, 2014, Plaintiffs filed their Motion for Circulation of Notice Pursuant to 29

2    U.S.C. § 216(b) ("Motion for Circulation") seeking an order directing that other persons similarly

3    situated to Plaintiffs be given notice and an opportunity to file written consents as well as a tolling of

4    the statute of limitations. [ECF No. 7].  In that Motion, Plaintiffs acknowledged that "an opt-in

5    plaintiff's statute of limitations continues to run until he or she affirmative submits a 'consent to

6    join' in the legal action…"  [*Id.* at 3.]  Plaintiffs requested that the limitations period be tolled not

7    only for the period that the Motion for Circulation was pending, but during any notice period entered

8    by the Court.  [*Id.* at 13.]  On September 15, 2014, NDOC filed its opposition to Plaintiffs' Motion

9    for Circulation.  [ECF No. 27.]  On October 1, 2014, Plaintiffs replied. [ECF No. 36.]

10    On March 16, 2015, Judge Hicks issued an Order granting in part Plaintiffs' Motion.  [ECF

11    No. 45].  Judge Hicks sustained several of NDOC's objections to Plaintiffs' proposed Notice.  He

12    held that the statute of limitations period only should be "***tolled for the time that has elapsed while***

13    ***the present motion has been pending before the court***."[1]  [*Id.* at 7 (emphasis added).]  In so holding,

14    Judge Hicks denied Plaintiffs' request for tolling during the notice period, finding "such relief is not

15    warranted under the circumstances."  [*Id.* at 7 n.3.]  Judge Hicks ordered that notice of the present

16    suit be sent to all current and former non-exempt hourly paid employees employed by NDOC as

17    correctional officers at any time from May 12, 2011, to the date of the Order.  [*Id.* at 8:1-3].  On

18    April 3, 2015, the parties submitted a Joint Submission of Amended Proposed Notice and Consent to

19    Join.  [ECF No. 48].  The Court approved the Notice and Consent to be mailed on April 28, 2015.

20    *Id*.

21    On October 6, 2015, the parties entered into a Stipulation and Order to Allow Plaintiffs to

22    Send Notice to NNCC Employees Left Off the Original Class List.  [ECF No. 75].  NDOC

23    acknowledged and confirmed that 131 NNCC employees were inadvertently left off the class list and

24    therefore, did not get notice of the pending action.  [ECF. No 75, at 2-3].  The Order provided that

25    the Notice and Consent to Join form be mailed to those 131 employees within ten (10) days from the

---

[1]   Therefore, the tolling period ran from August 6, 2014, the date that Plaintiffs filed their Motion for Circulation [ECF No. 7], until March 16, 2015, the date that Judge Hicks entered an Order [ECF No. 45] granting the Motion for Circulation.

1   issuance of the Order, directing that they execute and return their Consent forms within forty-five

2   (45) days.[2]   [*Id*. at 3.]   The Order provided that the statute of limitations for the 131 NNCC

3   employees be tolled "from the original date of circulation of Notice, or April 28, 2015 until the date

4   the Notice is mailed…"  [*Id*. at 4.]

5        Pursuant to the aforementioned procedural and factual history, NDOC presently moves for an

6   order for summary judgment for those opt-in Plaintiffs whose claims are barred in whole in part by

7   the applicable statute of limitations under the FLSA.

8   **III.    Legal Discussion**

9        The statute of limitations for claims made under FLSA is either two or three years.   29

10  U.S.C. § 255(a).  This is dependent upon the willfulness of the violation.  *Id*.  Under the FLSA, the

11  time period for bringing a claim for back wage and overtime pay is usually two years, but may be

12  expanded to three years in case of a "willful" violation.  *Id*.  "A new cause of action accrues at each

13  payday immediately following the work period for which compensation is owed."  *Dent v. Cox*

14  *Commc'ns Las Vegas, Inc*., 502 F.3d 1141, 1144 (9th Cir. 2007).  The terms of the FLSA provide

15  that the statute of limitations continues to run as to each individual until that person files a valid

16  consent to join the collective action.  29 U.S.C. § 255(b); *see also Partlow v. Jewish Orphans'*

17  *Home, Inc*., 645 F. 2d 757, 759 (9th Cir. 1981), *overruled on other grounds by Hoffman-La Rouche,*

18  *Inc. v. Sperling*, 493 U.S. 165 (1989); *Silverton v. Valley Transit Cement Co*., 140 F. Supp. 709, 711

19  (C.D. Cal. 1955).

20       A violation is "willful" if the employer "knew or showed reckless disregard for the matter of

21  whether its conduct was prohibited by the FLSA."  *McLaughlin v. Richland Shoe C*o., 486 U.S. 128,

22  133 (1988).  The court "will not presume that conduct was willful in the absence of evidence."

23  *Alvarez v. IBP, Inc.*, 339 F.3d 894, 909, *aff'd in part*, 546 U.S. 21 (2005).  For the reasons stated in

24  NDOC's separate Motion for Summary Judgment on the Merits, Plaintiffs have failed to establish

25  that any violation of the FLSA that they allege was willful.  Consequently, any opt-in Plaintiffs who

26

27  [2]   As a result, the second tolling period for the 131 NNCC employees ran from April 28, 2015 until
28  October 16, 2015, the date the second Notice was sent to them.  [*See* ECF No. 75 at 3-4.]

1  filed their consents to join this litigation more than two years after the last alleged violation, not

2  counting any applicable tolling period, are time-barred.

3         In the alternative, should the Court should find that a three-year limitations period applies,

4  any opt-in Plaintiffs who filed their consents to join this litigation within that period, less any time

5  that was tolled, are time-barred.

6         Finally, there are some opt-in Plaintiffs whose FLSA claims are partially barred under the

7  applicable limitations period.

8         In support of this Motion, NDOC submits Exhibit A, the Declaration of Christina Leathers,

9  NDOC's custodian of records who has authenticated a true and accurate summary of the dates of

10  employment, by location, for each opt-in Plaintiff in this action.  The joinder dates for each opt-in

11  Plaintiff are a matter of Court record.

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1584589v.5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.    Conclusion**

Accordingly, for all of the foregoing reasons, NDOC respectfully submits that its Motion for Summary Judgment on Statute of Limitations be GRANTED and that those opt-in Plaintiffs who failed to timely file consents within the applicable statute of limitations, as identified in the Court's record, be barred, in whole or in part, from asserting their FLSA claims against NDOC.

DATED this 8ᵗʰ day of April, 2020.

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

BY: */s/ James Tucker*
**James T. Tucker**
Nevada Bar. No. (12507)
300 South 4th Street - 11th Floor
Las Vegas, NV 89101-6014
*Attorneys for Defendants The State of Nevada,
ex rel. its Department of Corrections*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and that on the 8th day of April, 2020, I electronically filed and served a true and correct copy of the foregoing **DEFENDANT STATE OF NEVADA *EX REL.* DEPARTMENT OF CORRECTIONS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS** to all parties on file with the CM/ECF:

Mark R. Thierman, Esq.
Joshua D. Buck, Esq.
Leah L. Jones, Esq.
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV  89511
Tel:  775-284-1500
Fax:  775-703-5027
*Attorneys for Plaintiffs*

Christian Gabroy, Esq.
Kaine Messer, Esq.
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, NV  89012
Telephone:  (702) 259-7777
Fax:  (702) 259-7704
*Attorneys for Plaintiffs*

By:    /s/ Lani Maile
An Employee of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1584589v.5