1

2

3                        UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5                                    * * *

6    NATHAN ECHEVERRIA, *et al.*,            Case No. 3:14-cv-00320-MMD-WGC

7                            Plaintiffs,                ORDER

8         v.

9    STATE OF NEVADA, *et al.*,

10                           Defendants.

11

12   **I.    SUMMARY**

13        Plaintiffs, who are guards and other employees at Nevada state correctional

14   facilities, sued the State of Nevada, *ex rel.* the Nevada Department of Corrections

15   ("NDOC") in this collective action primarily brought under the Fair Labor Standards Act,

16   29 U.S.C. §§ 201, *et seq.* ("FLSA") to recover compensation for time spent allegedly

17   preparing for, or wrapping up, their work shifts. (ECF No. 95.) There are a number of

18   motions pending before the Court (ECF Nos. 256, 264, 274, 275, 276, 278, 279, 280,

19   281, 282, 283, 304, 308, 310, 318),[1] but this order addresses only NDOC's motion for

20   summary judgment on sovereign immunity from liability for damages ("Motion") (ECF No.

21   276).[2] Because the Nevada Supreme Court has not ruled on whether Nevada has

22   waived its sovereign immunity from FLSA or analogous state-law claims for damages by

23

24
        [1]NDOC filed most of these motions. The Court's Local Rules of Practice,
25   amended on April 17, 2020, caution parties against circumventing the page limit on the
     length of brief by filing multiple motions. *See* LR 7-3(a) ("Parties must not circumvent this
26   rule [governing page limits] by filing multiple motions."); LR 7-2(a) ("The motion and
     supporting memorandum of points and authorities must be combined into a single
27   document that complies with the page limits in LR 7-3.")

28      [2]The Court also reviewed Plaintiffs' response (ECF No. 299), and NDOC's reply
     (ECF No. 315).

1   enacting NRS § 41.031 or otherwise, the answer to the corresponding question could be

2   case-dispositive, and could have potentially broad application to an important issue of

3   state public policy. Accordingly, the Court will certify this question to the Nevada

4   Supreme Court.[3] *See Redgrave v. Ducey*, 953 F.3d 1123, 1128 (9th Cir. 2020) (taking

5   the same approach in a similar case). The Court will also stay this case and deny all

6   pending motions without prejudice to refiling after the Nevada Supreme Court answers

7   or otherwise responds to the certified question.

8   **II.   BACKGROUND**

9       The Court again refers to one of its prior orders in this case, in which it recited the

10  factual background, and does not recite those facts here. (ECF No. 166 ("Prior Order") at

11  2-5.)

12      As relevant to NDOC's Motion, the Court found in the Prior Order that NDOC

13  waived its Eleventh Amendment sovereign immunity from suit in removing this case to

14  this Court. (ECF No. 166 at 1-2.) NDOC appealed. (ECF No. 176.) The Ninth Circuit

15  Court of Appeals affirmed. (ECF No. 240 (amended opinion), 241 (mandate), 242 (order

16  on mandate).) *See also Walden v. Nevada*, 945 F.3d 1088 (9th Cir. 2019). However,

17  *Walden* left open two issues that are particularly pertinent to NDOC's Motion. First, the

18  *Walden* court expressed no opinion on NDOC's claim that it is also, and separately,

19  immune from liability for damages under the sovereign immunity doctrine—which is the

20  gist of NDOC's Motion. (ECF Nos. 276, 315 (clarifying some of NDOC's positions and

21  relying on *Redgrave* for the first time).) *See also* 945 F.3d at 1091-92; *id.* at 1092 n.1.

22  Second, the court explained that "[b]ecause we affirm on the waiver-by-removal ground,

23  we do not address Plaintiffs' alternate argument that Nevada has waived sovereign

24  immunity from FLSA claims by enacting Nev. Rev. Stat. § 41.031." *Id.* at 1096 n.4.

25      In a subsequent opinion in a different case, *Redgrave*, the Ninth Circuit provided a

26  roadmap for the Court to analyze NDOC's Motion. *See* 953 F.3d 1123. Like Plaintiffs

27

28      [3]The question is more precisely phrased in the conclusion of this order. The Court thus respectfully directs the Nevada Supreme Court's attention to the conclusion.

1   here, the plaintiff in *Redgrave* argues she is entitled to unpaid overtime from the state of

2   Arizona under the FLSA. *See id.* at 1124. Arizona "removed the case to federal court,

3   asserted its sovereign immunity from such claims, and moved to dismiss the case." *Id.* In

4   discussing *Walden*, the *Redgrave* court explained that it has never addressed, and

5   would not address in *Redgrave*, whether a state's removal of a case to federal court

6   waived its sovereign immunity from liability for damages, as opposed to its immunity

7   from suit, as the Ninth Circuit held in *Walden*. *See id.* at 1125.

8       Importantly, the *Redgrave* court stated that whether a state has established its

9   separate sovereign immunity from liability for damages—as NDOC argues in its

10  Motion—is a question of state law.[4] *See id.* The *Redgrave* court then decided to certify

11  the following question to the Arizona Supreme Court because it "may be determinative of

12  the cause pending before this court, and there appears to be no controlling precedent in

13  the decisions of the Arizona Supreme Court or the Arizona Court of Appeals[:]" "Has

14  Arizona consented to damages liability for a State agency's violation of the minimum

15  wage or overtime provisions of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C.

16  §§ 206–207?" *Id.* at 1123; *see also id.* at 1125-28.

17      That brings the Court to NDOC's Motion, where NDOC asks the Court to dismiss

18  all of Plaintiffs' remaining claims under the doctrine of sovereign immunity because

19  Nevada is immune from liability for damages under the FLSA, or otherwise for unpaid

20  wages state employees seek outside of Nevada's comprehensive administrative wage-

21  grievance scheme for state employees. (ECF No. 276 at 15; *see also generally id.*) Said

22  otherwise, NDOC now makes the argument the Ninth Circuit did not resolve in *Walden*.

23  *See* 945 F.3d at 1092 n.1. And *Redgrave* instructs the Court that resolution of NDOC's

24  Motion depends on a question of state law, namely, whether Nevada "is among those

25  states that consent to private suits for damages for violations of FLSA's overtime and

26  minimum-wage provisions or if it is among those states that do not so consent." 953 F.3d

27

28      [4]The parties also agree it is a question of state law. (ECF Nos. 299 at 9-10, 315 at
    10-11.)

1    at 1125; *see also id.* (again, stating this is a question of state law); *Walden* 945 F.3d at

2    1096 n.4 (noting Plaintiffs argued Nevada waived its sovereign immunity against FLSA

3    claims in enacting NRS § 41.031, but stating the Ninth Circuit was not reaching that

4    argument).

5         Both from reviewing the parties' briefs and its own research, it does not appear

6    that the Nevada Supreme Court has definitively resolved this question. And the answer

7    to this question could be case dispositive if the Court were to agree with the positions

8    NDOC advances in its Motion, mooting all of the other pending motions in this case. This

9    reality requires the Court to determine whether certification or prediction of how the

10   Nevada Supreme Court would rule on the key question of state law presented in

11   NDOC's Motion is the best next step in this case.

12   **III.    DISCUSSION**

13        The Court may certify questions to the Nevada Supreme Court if proceedings

14   before this Court raise "questions of law of this state which may be determinative of the

15   cause then pending in the certifying court and as to which it appears to the certifying

16   court there is no controlling precedent in the decisions of the Supreme Court of this

17   state." Nev. R. App. P. 5(a). Certification is not obligatory, but is within the sound

18   discretion of the certifying court. *See Lehman Bros v. Schein*, 416 U.S. 386, 390-91

19   (1974). That said, "when a federal court confronts an issue of state law which the state's

20   highest court has not addressed, the federal court's task typically is to predict how the

21   state's highest court would decide the issue." *Carolina Cas. Ins. Co. v. McGhan*, 572 F.

22   Supp. 2d 1222, 1225 (D. Nev. 2008). Certification is the other route. In making its

23   determination about whether certification is necessary, the certifying court should

24   consider "whether the state law question presents a significant question of important

25   state public policy, whether the issue involved has broad application, whether law from

26   other states is instructive, the state court's case load, and comity and federalism

27   concerns." *Id.* at 1226 (citing *Kremen v. Cohen*, 325 F.3d 1035, 1037-38 (9th Cir. 2003)).

28   The certifying court may also consider "the timing of the certification, and whether

1 certification will achieve savings to time, money, and resources . . . ." *Id.* at 1226 (citing

2 *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)).

3    Having considered these factors, and in view of *Redgrave*, the Court finds that

4 certification is the best way forward in this case. To start, this apparently unanswered

5 question of state law—whether Nevada has consented to private suits for damages for

6 violations of FLSA's overtime and minimum-wage provisions—would be determinative

7 were the Court to find Nevada had not consented. Next, the parties appear to agree that

8 the Nevada Supreme Court has never definitively answered this question. (ECF Nos.

9 276, 299, 315.) Further, the Court was unable to locate any such decisions of the

10 Nevada Supreme Court or Nevada Court of Appeals. Thus, the factors in Nev. R. App.

11 P. 5(a) support certification.

12    Moreover, this is a significant question of important state public policy, which

13 could have relatively broad application. *See McGhan*, 572 F. Supp. 2d at 1226 (stating

14 these factors weigh in favor of certification). NDOC argues that Nevada state employees'

15 only recourse for alleged underpayment of wages is Nevada's comprehensive,

16 administrative wage grievance scheme. (ECF Nos. 276 at 1-2, 315 at 5-6.) Plaintiffs

17 argue they are able to bypass that system and maintain this FLSA collective action

18 because Nevada has waived its sovereign immunity from liability for damages in

19 enacting NRS § 41.031(1). (ECF No. 299 at 3, 9-16.) These positions illustrate that

20 resolution of this issue of Nevada law may have a significant impact on how Nevada

21 state employees can seek redress for allegedly unpaid or underpaid wages.

22    The main issue created by certification will be more delay in this case that is

23 already six years old, in part because the Court will defer ruling on several other pending

24 motions as it awaits a response from the Nevada Supreme Court. However, the Court

25 finds it will be more efficient in the long run to get a definitive answer to the key legal

26 question at issue here, from the authoritative source—allowing the Court to ensure the

27 just, but not quite as speedy, determination of this case. *See* Fed. R. Civ. P. 1. And after

28 all, it is axiomatic that, "[w]hen interpreting state law, federal courts are bound by

decisions of the state's highest court." *Teleflex Med. Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 851 F.3d 976, 982 (9th Cir. 2017) (citation omitted). Thus, it makes sense to go to the Nevada Supreme Court to answer this important question.

Further, the Court's federalism and comity concerns weigh in favor of certification. Federalism concerns permeate the jurisprudence of sovereign immunity "because the states retain a residuary and inviolable sovereignty[.]" *Redgrave*, 953 F.3d at 1125 (citation and internal quotation marks omitted). Thus, the Nevada Supreme Court has a particularly important interest in resolving the question NDOC presents in its Motion. Further, deferring to the Nevada Supreme Court on this question of Nevada law will "promote cooperative judicial federalism"—in a sense, the Court is inviting the Nevada Supreme Court to collaborate in resolving this case by certifying this potentially dispositive question. *McGhan*, 572 F. Supp. 2d at 1226. Finally, the Ninth Circuit found certification was the appropriate route in the analogous *Redgrave* case, which suggests the Court should follow suit. *See* 953 F.3d 1123. In sum, the Court finds that certification is the best next step in this case.

The Court therefore certifies the following question to the Nevada Supreme Court, and respectfully requests the Nevada Supreme Court answer it: Has Nevada consented to damages liability for a State agency's violation of the minimum wage or overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §§ 206-207, or analogous provisions of state law, whether in enacting NRS § 41.031 or otherwise?

The Court recognizes that the Nevada Supreme Court may rephrase the question as it deems necessary. *See Palmer v. Pioneer Inn Assocs. Ltd.*, 59 P.3d 1237, 1238 (Nev. 2002).

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

6

1    It is therefore ordered that the following question of law is certified to the Nevada

2  Supreme Court under Rule 5 of the Nevada Rules of Appellate Procedure:

3        Has Nevada consented to damages liability for a State agency's violation of the

4        minimum wage or overtime provisions of the federal Fair Labor Standards Act, 29

5        U.S.C. §§ 206-207, or analogous provisions of state law, whether in enacting

6        NRS § 41.031 or otherwise?

7  *See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of the facts

8  are referenced above, but also discussed in the Court's Prior Order (ECF No. 166). *See*

9  Nev. R. App. P. 5(c)(2)-(3). Because Defendant NDOC filed the Motion, the Court

10  designates NDOC as Appellant, and Plaintiffs as Respondents. The names and

11  addresses of counsel are as follows:

12        **Counsel for Plaintiffs/Respondents**
        Joshua D. Buck, Mark R. Thierman, Leah L. Jones

13        Thierman Buck LLP
        7287 Lakeside Drive

14        Reno, NV 89511

15        **Counsel for Defendant/Appellant**
        Shrei M. Thome, James T. Tucker, Cara T. Laursen

16        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP 300 South
        Fourth Street, Eleventh Floor Las Vegas, NV 89101

17

18  *See* Nev. R. App. P. 5(c)(5).

19    It is further ordered that all pending motions (ECF Nos. 256, 264, 274, 275, 276,

20  278, 279, 280, 281, 282, 283, 304, 308, 310, 318) are denied without prejudice to refiling

21  after the Nevada Supreme Court answers, or responds that it declines to answer, the

22  certified question, but any refiled motions must be updated as appropriate before refiling.

23    It is further ordered this case is stayed pending the Nevada Supreme Court's

24  response to the certified question.

25    It is further ordered the parties must file a joint motion within 10 days of the

26  Nevada Supreme Court either answering, or declining to answer, the certified question,

27  which both moves to lift the stay in this case, and proposes an appropriately updated

28  briefing schedule.

7

The Clerk of Court is directed to administratively close this case as the Court awaits the Nevada Supreme Court's response to the certified question.

The Clerk of Court is further directed to forward a copy of this Order to the Clerk of the Nevada Supreme Court under official seal of the United States District Court for the District of Nevada. The Clerk of Court is further directed to include in the packet it forwards on to the Clerk of the Nevada Supreme Court a copy of the Court's Prior Order (ECF No. 166). Finally, the Clerk of Court is also directed to include in the packet it forwards on to the Clerk of the Nevada Supreme Court copies of the operative Complaint (ECF No. 95), and the parties' relevant briefs (ECF Nos. 276, 299, 315).

DATED THIS 10th day of July 2020.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE