UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NATHAN ECHEVERRIA, *et al.*,

                        Plaintiffs,

     v.

STATE OF NEVADA, *et al.*,

                       Defendants.

Case No. 3:14-cv-00320-MMD-WGC

ORDER

## I.    SUMMARY

Plaintiffs, who are current and former guards and other employees at Nevada state prisons, sued the State of Nevada, *ex rel.* the Nevada Department of Corrections ("NDOC") in this collective action primarily brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") to recover compensation for time spent allegedly preparing for, or wrapping up, their work shifts. (ECF No. 95.) There are a number of motions pending before the Court (ECF Nos. 343, 345, 346, 349, 350, 351, 353, 354, 355, 356, 365, 374, 377, 382), but this order only addresses the pending motions the Court views as procedural (ECF Nos. 345, 349, 353, 356, 365, 374, 377, 382)[1] in order to lay the groundwork for resolving the pending motions the Court views as more substantive (ECF Nos. 343, 346, 350, 351, 354, 355) in the coming months. As further explained below, the Court denies NDOC's motions to seal without prejudice and orders Plaintiffs to weigh in on each motion once NDOC refiles them, denies NDOC's motion for

---

[1]Plaintiffs did not file any responses to NDOC's pending motions to seal (ECF Nos. 345, 353, 356, 365, 374, 377), so those motions are unopposed. Similarly, Plaintiffs did not file a response to NDOC's motion for leave to file excess pages. (ECF No. 349.) NDOC opposes Plaintiffs' motion for leave to file supplemental authority. (ECF Nos. 382, 388, 389.)

leave to file excess pages without prejudice to refiling a LR 7-3 compliant motion regarding Plaintiffs' survey, and grants Plaintiffs' motion for leave to file supplemental authority.

## II.   DISCUSSION

To start, the Court notes NDOC's apparent noncompliance with Local Rule LR 7-3(a) ("Parties must not circumvent this rule by filing multiple motions.") in filing multiple overlapping motions that total many pages over the page limit for motions for summary judgment. (ECF Nos. 343, 351, 354, 355.) The Court has previously warned NDOC about this approach (ECF No. 321 at 1 n.1), but NDOC has not heeded the Court's warning. The Court admonishes NDOC to review and comply with the Court's Local Rules and Standing Order going forward. However, the Court will not deny NDOC's pending substantive motions for noncompliance LR 7-3(a) because the Court wishes to begin addressing the merits of this case after years of justified delay from appeals and certification. *See* LR IA 1-4 ("The court may sua sponte or on motion change, dispense with, or waive any of these rules if the interests of justice so require."). With that said, the Court next addresses NDOC's pending motions to seal, then NDOC's motion for leave to file excess pages, and then Plaintiffs' motion for leave to file supplemental authority.

### A.   Motions to Seal

NDOC filed six motions to seal that generally seek to file under seal exhibits accompanying its briefing on the pending substantive motions. (ECF Nos. 345, 353, 356, 365, 374, 377.) The motions to seal are all similar and share the same flaws. Taking the first-filed motion (ECF No. 345) as a representative example, NDOC relies on the Nevada state-court rule governing sealing. (*Id.* at 2.) Then, after stating that the parties have entered into a protective order and that information must be kept confidential for public safety, NDOC proceeds to assert, "[t]he following exhibits are deemed to be confidential and subject to the Stipulated Protective Order and therefore, are entitled to be filed under seal." (*Id.* at 3.) NDOC follows that assertion with a table listing the titles of exhibits it seeks to file under seal. (*Id.* at 3-4.) Notably, NDOC does not provide any

argument or description particularized to any of the exhibits in the table as to why each document should be filed under seal.

The Court already warned NDOC about this approach. (ECF No. 192 at 5 n.4.) But again, NDOC has not heeded the Court's warning. More importantly, however, NDOC does not discuss or apply the governing legal standard in its pending motions to seal. The mere existence of a stipulated protective order and either party's designation of a document as confidential, alone, are insufficient grounds to seal a document. *See Heath v. Tristar Prod., Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *2 (D. Nev. Apr. 17, 2019). To overcome the strong presumption in favor of public access, NDOC must make a particularized showing as to why each exhibit should be sealed and provide compelling reasons, supported by specific factual assertions, for its request. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). It is difficult for the Court to assess whether to grant NDOC's pending motions to seal because NDOC does not even mention, much less apply, the governing legal standards described in *Kamakana* and *Pintos*.

What's more, NDOC's pending motions to seal consist of nothing more than a blanket statement purportedly applicable to a table full of exhibits. This is not the particularized showing required by *Kamakana*, *Pintos*, and similar cases. NDOC's pending motions to seal leave the Court unable to determine whether each individual exhibit should remain under seal because NDOC offers no information specific to each exhibit.

Finally, while normally an opposing party's failure to respond to a motion makes it easy to conclude the motion can be granted, *see* LR 7-2(d), Plaintiffs' failure to respond to the pending motions to seal further adds to the Court's difficulty in evaluating them. NDOC seems to suggest that it seeks to file certain exhibits under seal because they contain Plaintiffs' personal information or Plaintiffs designated them confidential under

the stipulated protective order. It would be helpful to hear from Plaintiffs as to whether this is the case regarding any or all of the pertinent exhibits.

The Court accordingly denies the pending motions to seal without prejudice and directs NDOC to file revised motions to seal compliant with the governing legal standards within 10 days. The Court further orders Plaintiffs to respond to NDOC's revised motions to seal within another 10 days. The Court notes that absent a particularized showing of compelling reasons to support sealing to overcome the presumption of public access, the Court will deny sealing.

### B.    Motion for Leave to File Excess Pages

NDOC filed a motion for leave to file excess pages (ECF No. 349) either shortly before or contemporaneously with filing its motion to exclude all evidence from Plaintiffs' experts (ECF No. 351). "The [C]ourt looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted." LR 7-3(c). "A motion to file a brief that exceeds these page limits will be granted only upon a showing of good cause." *Id.*

NDOC proffers the following as its good cause:

> This is a complex collective action, and there are at least six distinct challenges to the Plaintiffs' expert opinions. The factual discussion alone constitutes approximately 18 pages. NDOC has been unable to include all necessary legal and factual analysis for its Motion within the 24-page limit.

(ECF No. 349 at 3.) The Court is unpersuaded this constitutes good cause under LR 7-3(c).

First, simply stating that the factual discussion is 18 pages long says nothing about why it must be 18 pages long. Second, having reviewed the motion, the factual background and argument sections appear largely redundant to the Court, meaning NDOC could combine the two into an integrated discussion of the facts and the law. Third, and as previously mentioned, NDOC filed several motions when it could have filed fewer despite the Court's prior warning about filing a flurry of motions to circumvent the

1   Local Rules' page limits. Fourth, the fact that this is a "complex collective action" does

2   not excuse compliance with the Court's Local Rules.

3       In sum, NDOC has not shown good cause to exceed the applicable page limits in

4   its pending motion. (*Id.*) The motion is accordingly denied. And because NDOC's motion

5   to exclude all evidence from Plaintiffs' experts (ECF No. 351) admittedly exceeds the

6   applicable page limit, *see* LR 7-3(b), that motion is denied without prejudice to refiling a

7   new version of the motion that complies with the page limit. NDOC must file its within-

8   page-limit motion within 10 days, and then the normal briefing schedule will apply to any

9   response and reply the parties wish to file.

10      **C.    Motion for Leave to File Supplemental Authority**

11      Plaintiffs urge the Court to consider a written decision from a Nevada state court

12  in *Haines v. NDOC.* (ECF No. 382.) Plaintiffs referenced the same ruling in their reply in

13  support of their motion for leave to reassert claims for failure to pay overtime in violation

14  of NRS 284.180, but a written version was apparently not yet available. (ECF No. 371 at

15  4 n.4.) Plaintiffs accordingly argue that the Court should consider the written version of

16  the ruling instead of Plaintiffs' counsel's representation as to its substance based on

17  counsel's understanding from the pertinent court proceedings. (ECF No. 382 at 2-3.)

18  NDOC counters that the Court should deny the motion for leave to file supplemental

19  authority because *Haines* does not have any precedential effect on this case, Haines is

20  not a named Plaintiff in this case, and *Haines* supports NDOC's position as pertinent to

21  Plaintiffs' motion to reassert their NRS 284.180 claim in any event. (ECF No. 388.) The

22  Court agrees with Plaintiffs in pertinent part.

23      "'LR 7-2(g) requires parties to acquire leave of court before filing supplemental

24  briefs.'" *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D.

25  Nev. 2021) (quoting *Ra Se. Land Co. LLC v. First Am. Title Ins. Co.*, Case No. 2:14-cv-

26  01621-MMD-NJK, 2016 WL 4591740, at *2 (D. Nev. Sept. 2, 2016)). "A court may grant

27  such a request for good cause." *Id.* (citation omitted). "Good cause may exist either

28  when the proffered supplemental authority controls the outcome of the litigation, or when

1    the proffered supplemental authority is precedential, or particularly persuasive or

2    helpful." *Id.* (citation omitted).

3         The Court finds good cause exists to grant Plaintiffs' motion for leave to file

4    supplemental authority because the written decision in *Haines* will be more helpful than

5    counsel's description of the oral ruling in the same case. Moreover, NDOC does not

6    directly respond to Plaintiffs' argument as to why the Court should grant the motion for

7    leave to file supplemental authority, instead arguing why *Haines* should not change the

8    Court's analysis of Plaintiffs' motion for leave to reassert their NRS 284.180 claim. The

9    Court may well agree with NDOC when it rules on Plaintiffs' motion for leave to reassert

10   their NRS 284.180 claim—but that has no real bearing on whether the Court should

11   consider the written decision instead of Plaintiffs' counsel's representations regarding the

12   oral version of the same ruling. In sum, for good cause shown, the Court grants Plaintiffs'

13   motion for leave to file supplemental authority.

14   **III.    CONCLUSION**

15        The Court notes that the parties made several arguments and cited to several

16   cases not discussed above. The Court has reviewed these arguments and cases and

17   determines that they do not warrant discussion as they do not affect the outcome of the

18   issues before the Court.

19        It is therefore ordered that the pending motions to seal (ECF Nos. 345, 353, 356,

20   365, 374, 377) are denied without prejudice. However, the requested sealed exhibits will

21   remain under seal pending the Court's ruling on NDOC's renewed motions to seal.

22   These exhibits will be unsealed if NDOC elects not to file renewed motions to seal.

23        It is further ordered that NDOC must refile each of the pending motions to seal

24   (ECF Nos. 345, 353, 356, 365, 374, 377) applying the correct legal standards and

25   including discussion specific to each document it seeks to file under seal as to why that

26   document should be filed under seal within 10 days of the date of entry of this order.

27   NDOC may refile its motions to seal as one combined motion regardless of any

28   applicable page limits.

It is further ordered that Plaintiffs must respond to NDOC's refiled motion or motions to seal within another 10 days after it or they are filed, as one combined response if NDOC chooses to file a combined motion, taking a position supported by pertinent legal authority on each and every document that NDOC seeks to file under seal.

It is further ordered that NDOC's motion for leave to file excess pages (ECF No. 349) is denied.

It is further ordered that NDOC's motion to exclude all evidence from Plaintiffs' experts (ECF No. 351) is denied without prejudice to refiling as further specified below.

It is further ordered that NDOC may refile a version of its motion to exclude all evidence from Plaintiffs' experts (ECF No. 351) that complies with the applicable page limits under the Local Rules within 10 days of the date of entry of this order. The normal briefing schedule will then apply to any responses and replies the parties wish to file to NDOC's refiled motion to exclude all evidence from Plaintiffs' experts.

It is further ordered that Plaintiffs' motion for leave to file supplemental authority (ECF No. 382) is granted. The Court will consider Plaintiffs' proffered supplemental authority when it rules on Plaintiffs' motion to reassert their claims for failure to pay overtime in violation of NRS § 284.180 (ECF No. 350).

DATED THIS 6th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE