**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONALD WALDEN, JR., *et al., etc.*,<br><br>                              Plaintiffs,<br><br>    v.<br><br>THE STATE OF NEVADA, EX REL. NEVADA DEPARTMENT OF CORRECTIONS, and DOES 1-50,<br><br>                              Defendants. | Case No.: 3:14-cv-00320-MMD-CSD<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

The above-referenced collective and class action ("Action") having come before the Court on March 20, 2023, at 11:00 a.m. for a hearing and this Final Order Approving Class Action Settlement and Judgment ("Court's Final Order and Judgment"), consistent with the Court's Preliminary Approval Order ("Preliminary Approval Order"), filed and entered on December 1, 2022 (*see* ECF No. 432), and as set forth in the Joint Stipulation of Collective and Class Action Settlement and Release between Plaintiffs and Defendant ("Settlement") in the Action (*see* ECF No. 430-1 at pp. 25-84), and due and adequate notice having been given to all Class Members as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

    1.    All terms used herein shall have the same meaning as defined in the Settlement unless an alternate meaning is specifically given within this Order. Consistent with the definitions provided in the Settlement,

        a.    the term "Class Member" means those individuals that are within the Settlement Class which includes all current and former non-exempt hourly paid

1  employees, including sergeants and lieutenants, who have been employed by Defendant
2  as correctional officers at any time during the Class Period;

3      b.    the term "Class Period" means May 12, 2011, through December 1,
4  2022;

5      c.    the term "Released Claims" collectively means those claims to be
6  released by the Settlement Class identified in Paragraph 20 of the Settlement;

7      d.    the term "Class Representatives" shall mean Plaintiffs DONALD
8  WALDEN JR., NATHAN ECHEVERRIA, AARON DICUS, BRENT EVERIST, TRAVIS
9  ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY.

10      e.    the term "Class Counsel" shall mean Mark R. Thierman, Esq., Joshua
11  D. Buck, Esq., Leah L. Jones, Esq., and Joshua R. Hendrickson, Esq. of Thierman Buck
12  LLP of Reno, Nevada and Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy
13  Messer of Henderson, Nevada.

14     2.    This Court has jurisdiction over the subject matter of this Action and over all
15  Parties to this Action, including all Class Members.

16     3.    Distribution of the Notice directed to the Class Members as set forth in the
17  Settlement and the other matters set forth therein have been completed in conformity with
18  the Preliminary Approval Order, including individual notice to all Class Members who could
19  be identified through reasonable effort, and as otherwise set forth in the Settlement. The
20  Notice provided due and adequate notice of the proceedings and of the matters set forth
21  therein, including the proposed Settlement set forth in the Settlement, to all persons
22  entitled to such Notice, and the Notice fully satisfied the requirements of due process. All
23  Class Members and all Released Claims are covered by and included within the
24  Settlement and the Court's Final Order and Judgment.

25     4.    The Court hereby finds the Settlement was entered into in good faith. The
26  Court further finds that Plaintiff has satisfied the standards and applicable requirements for
27  final approval of this class action settlement.
28  ///

5.   The Court hereby approves the Parties' agreement set forth in the Settlement and finds the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive, arm's-length negotiations. The Court further finds the Parties have conducted extensive and costly investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds the Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members. The Court also finds the Class is properly certified as a settlement class.

6.   There was one (1) formal objection by Mr. Kevin E. Kaimi and one (1) letter concerning the Settlement filed by Mr. Charles May. Neither the objection filed by Mr. Kaimi nor the letter filed by Mr. May raise any legitimate concerns with respect to the Settlement and/or the manner of distribution of Settlement funds. Accordingly, their objections and/or concerns are hereby overruled. There was only one (1) person who opted-out of the Settlement and that person will not be included in the Settlement and release.

7.   As of the date of the Court's Final Order and Judgment, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Defendant and Released Parties. In addition, as of the date of the Court's Final Order and Judgment, each Class Member who has not submitted a valid Request for Exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Defendant and Released Parties relating to the Released Claims.

8.   The Court hereby finds the Maximum Settlement Amount of $55,000,000.00 provided for under the Settlement to be fair and reasonable in light of all the circumstances. Defendant made a good faith deposit in the amount of $25,000,000.00 to

the settlement account safeguarded and maintained by the Settlement Administrator ("Settlement Account"). The Court hereby orders Defendant to make the remaining settlement fund deposit in the amount of $30,000,000.00 to the Settlement Account, as set forth in the Settlement, no later than May 5, 2023. The Court further orders the calculations and the payments of the Net Settlement Amount (Maximum Settlement Amount minus attorneys' fees, costs, enhancement payment, and third party administrator fees) to be made and administered to Class Members under the Settlement in accordance with the pro rata distribution as set forth in the Settlement.

9. The Court hereby re-affirms Mark R. Thierman, Esq., Joshua D. Buck, Esq., Leah L. Jones, Esq., and Joshua R. Hendrickson, Esq. of Thierman Buck, LLP and Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Messer Law Offices as Class Counsel. Pursuant to the terms of the Settlement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $18,333,333.33, and the attorney costs in the amount of $170,000, to be deducted and paid from the Maximum Settlement Amount, as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action. The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to the terms of the Settlement, and transferred and/or made payable to Class Counsel in the Action.

10. The Court hereby re-affirms Plaintiffs DONALD WALDEN JR., NATHAN ECHEVERRIA, AARON DICUS, BRENT EVERIST, TRAVIS ZUFELT, TIMOTHY RIDENOUR, and DANIEL TRACY as Class Representatives of the Settlement Class and approves and orders a Service Award to each Class Representative in the amount of $20,000.00 to be paid from the Maximum Settlement Amount as set forth in the Settlement.

11. The Court hereby re-affirms Phoenix Settlement Administrators as the Claims Administrator and approves and orders payment for actual claims administration

expenses incurred by the Claims Administrator in the amount of $50,000.00 to be paid from the Maximum Settlement Amount as set forth in the Settlement.

12. The Court finally finds and orders that the Settlement is and constitutes a fair, reasonable, and adequate compromise of the Released Claims against the Released Parties.

13. The Court hereby directs the Clerk of Court to enter judgment in the Action, as of the date of entry of the Court's Final Order and Judgment, pursuant to the terms set forth in the Settlement.

14. Should the Settlement Account not be fully funded by Defendant for whatever reason pursuant to the terms of the Settlement, post-judgment interest shall accrue as of the date of this Order until the Settlement Account is fully funded, pursuant to 28 U.S.C. § 1961.

15. Without affecting the finality of the Court's Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement, and all orders entered in connection therewith.

16. The Court hereby orders that the Parties file a "Settlement Status Report" with respect to the status of Settlement payments not later than 180-days following this Order.

17. In sum, the Court grants the motion for final approval of class settlement (ECF No. 438) and the motion for approval of class counsel payment and class representative service awards (ECF No. 433).

18. The Court directs the Clerk of Court to enter judgment in accordance with this Order and close this case.

**IT IS SO ORDERED.**

DATED THIS 20th Day of March 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE